CHRISTOPHER POST v. VILLAGE OF SPARTA.

*Saloonkeeper's bond.*

Mandamus will not issue to compel the approval of a liquor dealer's bond by the council of a village organized under the General Incorporation Law, which empowers such villages to suppress saloons. Act 52 of 1883.

Motion for order to show cause. Submitted October 6. Denied October 7.

Relator, a resident of the township of Plainfield, in Kent county, wishing to go into the saloon business in the village of Sparta, presented a bond in accordance with the requirements of the Liquor Law (Act 259 of 1881) to the common council of that village. As the council had never fixed the penal sum for such bonds, it was drawn in the sum of $6000, which is the maximum amount required by the State law. No objection was made to the sureties, who had duly justified on oath, but the council, without referring the bond to any committee, rejected it for no other apparent reason than that the village had an ordinance which absolutely prohibited liquor dealing within its bounds. Relator asks a writ of mandamus to compel the council to approve his bond.

*Frank G. Holmes* for relator.

THE COURT denied the writ on the ground that the village of Sparta was organized under the General Incorporation Law, which was so amended in 1883 (Act 52) as to give the villages organized thereunder the right to suppress saloons.