ZIMRI WARNER V. THE BOARD OF TRUSTEES OF THE VILLAGE
OF LAWRENCE.

*Liquor dealer—Bond to be approved and filed on or before May 1—If seasonably presented for such approval, duty of municipal authorities to act upon it in time to enable obligor to comply with statute—Ordinance suppressing saloons, taking effect May 3—Cannot serve as an excuse for non-approval in such a case.*

On April 12, 1886, relator presented his bond as a retail liquor dealer, duly executed, to respondent for approval, and the matter was deferred until May 3, 1886, on which day an ordinance of the village, passed April 9, 1886, *suppressing* saloons, took effect. Respondent refused to approve the bond on May 3, for the *sole* reason that the ordinance forbade the sale of liquor in the village.

*Held,* that as the statute required the relator to file his bond, duly approved, on or before May 1, it was the duty of respondent to act upon it, if seasonably presented, *before* that date;[1] that the ordinance had no force until May 3, hence the respondent could not justify its action thereunder.

Mandamus.  Submitted June 22, 1886.  Granted July 1, 1886.  The facts are stated in the opinion and head-note.

*O. N. Hilton* and *L. A. Tabor,* for relator.

[Counsel discuss the constitutionality of the law empowering villages to suppress saloons.—REPORTER.]

*B. F. Heckert,* for respondent.

CAMPBELL, C. J.   In answer to a rule to show cause why respondent should not approve a liquor bond, the only ground relied on was the passage of a village ordinance entirely prohibiting the license of liquor saloons, passed under that provision of the village corporation act authorizing the suppression of saloons by ordinance.   Upon the argument some discussion was had concerning the constitutional validity of this local option provision, but relator claims that, whether valid or invalid, it does not apply here, because no ordinance

---

[1]As to approval of liquor-dealers' bonds, see *Potter v. Village of Homer,* 59 Mich. 8; *Amperse v. City of Kalamazoo,* Id. 78.

came into effect early enough to justify the action of respondent in refusing to approve his bond.[1]

The statute provides that every liquor dealer who desires to continue in business must file his bond, duly approved, on or before the first of May.    To do this, the approving body, if a suitable and adequate bond is presented, must act upon it, if seasonably presented, so that he can file it by the time specified.    The ordinance in question did not go into operation until May 3, 1886, previous to which time it could have no force whatever.    *Cargill v. Power*, 1 Mich. 369.

This being so, the relator had a right to have his bond acted upon before the ordinance became binding, and respondent could not justify under it.    We do not think it proper, under such circumstances, to pass upon the constitutional question.

The *mandamus* must issue.

The other Justices concurred.

1. Where a party executed a *lease*, which had been read to and by him,

---

[1] See *Post v. Village of Sparta*, 58 Mich. 212; *Potter v. Village of Homer*, 59 Id. 8.