## PEOPLE v WHITE

Docket No. 77-3980. Submitted January 17, 1979, at Detroit.—Decided May 1, 1979.

Vandalyn R. White was convicted of armed robbery, kidnapping and first-degree criminal sexual conduct in Recorder's Court of Detroit, Robert L. Evans, J. Defendant appeals, claiming that the trial court erred reversibly by failing to instruct the jury properly regarding the asportation element of kidnapping. *Held:*

To establish asportation sufficient for kidnapping, movement of a victim must not be merely incidental to an underlying lesser crime. A jury must be instructed to the effect that to find a defendant guilty of kidnapping they must find, in addition to other elements, that the movement was not merely incidental. Failure to give a proper instruction on the element of asportation by the Recorder's Court judge was error even in the absence of a request for instructions by counsel.

Convictions of armed robbery and first-degree criminal sexual conduct affirmed. Conviction of kidnapping reversed.

J. H. GILLIS, J., dissented. He would hold that the court satisfied the requirement of an asportation instruction in this kidnapping prosecution by giving an instruction which conveyed the idea that the movement of the victim element must be incidental to the commission of the kidnapping.

OPINION OF THE COURT

1. KIDNAPPING — INSTRUCTIONS TO JURY — ASPORTATION.

The existence of asportation is a question of fact which must be submitted to the jury upon proper instruction in a trial for

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 6] 1 Am Jur 2d, Abduction and Kidnapping §§ 1, 2, 11-23.
    75 Am Jur 2d, Trial §§ 321, 336-339, 712, 713.
[3] 1 Am Jur 2d, Abduction and Kidnapping § 9.
    21 Am Jur 2d, Criminal Law § 8.
[4] 1 Am Jur 2d, Abduction and Kidnapping §§ 13, 14.
[5] 75 Am Jur 2d, Trial § 628.

kidnapping, even in the absence of a request for such an instruction.

2. KIDNAPPING — INSTRUCTIONS TO JURY — ASPORTATION — INCIDENTAL MOVEMENT — UNDERLYING LESSER CRIMES.

The movement of a victim must not be merely incidental to an underlying lesser offense to establish asportation sufficient for kidnapping; therefore, a trial court should instruct a jury that to find a defendant guilty of kidnapping they must first find, in addition to other elements, that the movement was not merely incidental.

3. CRIMINAL LAW — UNDERLYING CRIMES — SEPARATION OF CRIMES.

A single offense cannot be converted into two offenses by charging kidnapping based on incidental movement, and it matters not whether the single offense is a minor misdemeanor or a capital felony; the rule applies not only to those instances where a prosecutor attempts to escalate a minor crime into a felony but also where a defendant is charged with capital offenses.

4. KIDNAPPING — CONFINEMENT — ASPORTATION — INSTRUCTIONS TO JURY.

Forcible or secret confinement may supply a necessary alternative to asportation to complete a kidnapping but this does not relieve a trial court from giving an instruction on the element of asportation in a trial for kidnapping because whether the secret confinement supplies a necessary alternative to asportation is a question of fact for the jury; therefore, where court instructions set forth two theories under which a defendant could be found guilty of kidnapping, abduction or secret confinement, a failure to give a proper instruction regarding the element of asportation was error.

5. CRIMINAL LAW — INSTRUCTIONS TO JURY — PROPER AND IMPROPER INSTRUCTIONS.

The general rule in Michigan is that where both erroneous and proper instructions have been given to a jury, the jury is presumed to have followed the erroneous instructions.

DISSENT BY J. H. GILLIS, J.

6. KIDNAPPING — INSTRUCTIONS TO JURY — ELEMENTS OF OFFENSE — MOVEMENT — ASPORTATION.

*Instructions on kidnapping which convey the idea that the movement of the victim element must be incidental to the commis-*

*sion of a kidnapping are sufficient to satisfy the requirement that an instruction on asportation be given to the jury in a trial for kidnapping.*"

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Townsend, Haley & Overton,* for defendant.

Before: D. C. RILEY, P.J., and J. H. GILLIS and MACKENZIE, JJ.

D. C. RILEY, P.J. Defendant was convicted of one count of armed robbery, MCL 750.529; MSA 28.797, and one count of kidnapping, MCL 750.349; MSA 28.581, and two counts of first-degree criminal sexual conduct, MCL 750.520(b); MSA 28.788(2). He was sentenced to serve 10 to 16 years in prison for each count, the sentences to run concurrently.

On appeal, defendant raises two issues, only one of which merits our consideration. He contends that the trial court erred reversibly by failing to instruct the jury properly regarding the asportation element of kidnapping.

In pertinent part, the court instructed the jury as follows:

"One kind of kidnapping requires the prosecutor to prove, beyond a reasonable doubt, that there was a seizure and a movement of a person to another place where the intent in that circumstance is to actually confine a person against his or her will. In that circumstance the prosecutor must prove it was a seizure and some actual movement, some actual asportation. The purpose of that asportation must be the confinement."

In *People v Adams,* 389 Mich 222, 236, 238; 205 NW2d 415 (1973), the Court held that to establish asportation sufficient for kidnapping, the movement must not be merely incidental to an underlying lesser crime. Inasmuch as the Court pointed out that this was a fact question for the jury to decide, this holding mandates that the jury be instructed that to find a defendant guilty of kidnapping they must first find, in addition to other elements, that the movement was not "merely incidental". *People v Thomas Ross,* 73 Mich App 287, 290; 251 NW2d 268 (1977). The court in the present case failed to comply with this requirement. Failure to give a proper instruction, even in, as here, the absence of a request by defense counsel, requires reversal. *People v Curry,* 58 Mich 212, 216; 227 NW2d 254 (1975).

The prosecution argues that *Adams, supra,* applies only to those instances where the prosecutor attempts to escalate a minor crime into a felony, and concludes that since this defendant is charged with four capital offenses, the basis, as they perceive it, for the *Adams* holding does not exist here. However, our reading of *Adams* persuades us that the interpretation found in *People v Worden,* 71 Mich App 507; 248 NW2d 597 (1976), is correct. The thrust of *Adams* is to prevent one crime from being transformed into two offenses *(e.g.,* kidnapping and rape). "Thus it matters not whether the single offense is a minor misdemeanor, such as simple assault, or a capital felony such as armed robbery". *Worden, supra* at 513-514.

It is argued further that the *Adams* instruction does not apply to a kidnapping which involves forcible or secret confinement. Therefore, since under the information here the defendant was so charged, and since there was testimony to support

the charge, it purportedly follows that the court was under no duty to instruct as to asportation. But here, again, while the *Adams* Court noted that secret confinement could supply a necessary *alternative* to asportation it cautioned that this was a fact determination to be made by the jury. *Adams, supra* at 238-239.

In instructing the jury here, the court set forth two theories under which the defendant could be found guilty: the complainant had been abducted by defendant against her will; or, defendant had secretly or forcibly confined complainant. We cannot glean which theory the jury relied upon to find the defendant guilty, but it is clear that the failure to give an instruction regarding asportation was error.

The general rule in Michigan is that where both erroneous and proper instructions have been given to the jury, the jury is presumed to have followed the erroneous instruction. *People v Neumann,* 35 Mich App 193, 195-196; 192 NW2d 345 (1971). Therefore, we reverse defendant's conviction for kidnapping.

MACKENZIE, J., concurred.

J. H. GILLIS, J. *(dissenting).* I disagree with the majority's conclusion that the trial court failed to instruct the jury properly. Among other things, the trial court stated the following:

"One kind of kidnapping requires the prosecutor to prove, beyond a reasonable doubt, that there was a seizure and a movement of a person to another place where the intent in that circumstance is to actually confine a person against his or her will. In that circumstance *the prosecutor must prove it was a seizure and some actual movement, some actual asportation. The*

*purpose of that asportation must be the confinement."*
(Emphasis supplied.)

While not a model of clarity, the charge conveys the idea that the movement element must be incidental to the commission of the kidnapping. This satisfies the *Adams* asportation standard. *People v Widgren*, 53 Mich App 375, 384; 220 NW2d 130 (1974).

I would affirm.