PEOPLE v LYNN

Docket No. 77-3309. Submitted February 13, 1979, at Detroit.—Decided July 9, 1979. Leave to appeal granted, 407 Mich 902.

James A. Lynn was convicted of kidnapping and first-degree criminal sexual conduct, Wayne Circuit Court, Michael L. Stacey, J. Defendant appeals, alleging several errors. *Held:*

1. The facts known to the police at the time of defendant's arrest were sufficient to provide probable cause for the arrest, and because the arrest was valid a search of the defendant's person, made incidentally to the arrest, was also valid and the results of that search were properly admitted into evidence.

2. On the basis of information given them by the complainant just minutes after the offense the police believed the defendant was still in his apartment where the offense took place and were justified in entering the apartment without a warrant under the "hot pursuit" exception to the warrant requirement. The subsequent seizure of evidence which was in plain view in the apartment was, therefore, proper.

3. The trial court erred in instructing the jury that asportation of the victim which was incidental to the commission of the sexual offense was sufficient to satisfy the asportation element of the kidnapping charge.

4. The defendant's motion to quash the kidnapping charge was properly denied. There was sufficient evidence of asportation not incidental to the commission of the sexual offense to submit the question to the jury.

5. A statement made by the defendant was properly admitted

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures §§ 37, 92.

Constitutionality of searching premises without search warrant as incidental to valid arrest. 23 L Ed 2d 966.

[2] 68 Am Jur 2d, Searches and Seizures §§ 56, 102.

[3] 75 Am Jur 2d, Trial § 710 *et seq.*

[4] 4 Am Jur 2d, Appeal and Error § 164.

[5] 75 Am Jur 2d, Trial §§ 413, 415.

[6] 23 Am Jur 2d, Depositions and Discovery § 315.

Right of accused in state courts to inspection or disclosure of evidence in possession of prosecution. 7 ALR3d 8.

to impeach the defendant's testimony despite defendant's argument that the statement had not been made available to him pursuant to a discovery order. The discovery order did not require disclosure to the defendant of the defendant's own statements.

The conviction of first-degree criminal sexual conduct is affirmed. The kidnapping conviction is reversed and the case remanded for a new trial on that charge alone.

D. E. HOLBROOK, JR., J., concurred in the result only.

1. ARREST — SEARCHES AND SEIZURES — PROBABLE CAUSE.

Probable cause existed for a defendant's arrest, and a search made incident to the arrest was therefore proper, where at the time of the arrest the police knew: (1) an alleged kidnapping had occurred; (2) the location of the apartment where the victim was held captive; (3) a person had recently left that apartment, driving a distinctive green car; (4) the police had seen this car leave shortly after the victim had been released; and (5) the defendant was driving this car at the time of his arrest approximately 20 minutes after the victim's release.

2. SEARCHES AND SEIZURES — EVIDENCE — PLAIN VIEW — HOT PURSUIT.

The seizure of evidence found in plain view in a defendant's apartment was proper where the police, on the basis of information given them by the victim of a kidnapping and sexual assault who had been released only a few minutes earlier, believed that the defendant was still in the apartment and entered the apartment properly under the "hot pursuit" exception to the requirement for a search warrant.

3. KIDNAPPING — INSTRUCTIONS TO JURY — ASPORTATION — OTHER OFFENSES.

An instruction to the jury in a kidnapping prosecution which instructed that the asportation necessary to establish the kidnapping charge could be incidental to the commission of the other charged offense, first-degree criminal sexual conduct, was erroneous; such an instruction allows the conversion of a single offense into two offenses.

4. APPEAL AND ERROR — CRIMINAL LAW — QUASHING OF INFORMATION.

The Court of Appeals will not reverse a trial court's decision not to quash an information, absent an abuse of discretion.

5. KIDNAPPING — ASPORTATION — OTHER OFFENSES — JURY QUES-
    TION.

    The question of whether the asportation in an alleged kidnapping
    was incidental to another offense is for the jury.

6. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — DISCOVERY —
    STATEMENT OF DEFENDANT — HARMLESS ERROR.

    A statement made by a defendant some weeks after his arrest
    was properly admitted to impeach the defendant after he
    testified to a lack of knowledge of the subject matter of that
    statement even though the statement had not been made
    available to the defendant pursuant to a discovery order; the
    prosecutor's failure to furnish the statement to the defendant
    was harmless error in the circumstances of the case even if the
    discovery order did arguably apply to statements made by the
    defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Peter J. Mitoff,* for defendant on appeal.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

CYNAR, J. On June 22, 1977, defendant was found guilty of one count of kidnapping, MCL 750.349; MSA 28.581, and one count of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). On July 7, 1977, he was sentenced to concurrent terms of life imprisonment. Defendant now appeals as of right.

At trial, Tammy Trombley, the 10-1/2-year-old complainant, testified that on the night of February 24, 1977, she was home with her 13-year-old brother. At approximately 8:30 p.m., a man, later identified as defendant, came to their apartment

and asked to use the phone. After obtaining admittance to the premises he brandished a knife and took some money from the complainant's brother. The complainant's preliminary examination testimony, which was read at trial, also established that the defendant had also taken a ring from the apartment.

The complainant testified that after the robbery defendant carried her to a nearby apartment. At this time he forced her to engage in fellatio and unsuccessfully attempted to engage in sexual intercourse with her. She testified that during this latter attempt defendant used some Vaseline.

The complainant's brother testified that after the assailant left with his sister, he notified a neighbor who called the police. Upon their arrival, he described the assailant and this description was radioed to other units.

James Osborn of the Woodhaven Police Force testified that at about 10:09 that night he saw the complainant returning home after having been released by her assailant. She pointed out defendant's apartment as the place to which she had been taken and told the officer that, to her knowledge, the assailant was still in the apartment.

Shortly thereafter, several police officers converged at defendant's apartment. No response was received when they knocked on the door. They broke down the door but found the apartment empty. The police were then told by a neighbor that a man had just left the apartment and was driving a light green car with a dark green top. A jar of Vaseline was found in defendant's bedroom and was introduced at trial.

Prior to the entry into defendant's apartment, Detective Frank Smith of the Taylor Police Department observed a car leaving the apartment

complex where defendant's apartment was located. He took down the car's license number and began following the car, but abandoned the surveillance upon learning that the abductor's apartment had been located. After the entry into defendant's apartment, Detective Smith realized that the car he had previously observed was the same car as was described by defendant's neighbor. Accordingly, he radioed in the license plate number of the vehicle.

At 10:21 that evening David Lambley, a Rockwood patrolman, observed a car at the Rockwood Inn which matched the description and license plate number that had been broadcast over the radio. The officer placed its occupant, defendant, under arrest. A search of defendant's person revealed a knife. A subsequent search of defendant's person produced several rings.

Defendant took the stand in his own defense. He claimed he had been drinking heavily on the day in question and that he remembered very little of the events of that day. He testified that he had never seen the complainant before or on the day of the offense.

Defendant first contends that his arrest was made without probable cause and that the search made incident thereto was improper. This issue was raised in a pretrial motion below and was decided adversely to defendant's position.

We find no merit to defendant's argument. At the time of his arrest, the police officers were aware of the following facts: (1) that an alleged kidnapping had occurred; (2) the location of the apartment where the victim was held captive; (3) that a person had recently left that apartment and had driven away in a distinctive green car; (4) that the police had seen this green car leaving the

apartment complex where the offense had taken place, shortly after the victim had been released by her abductor; and (5) that defendant was driving the car at the time of his arrest, approximately 20 minutes after the release of the victim. These facts were sufficient to connect a specific person, the defendant, to a specific felony and were sufficient to provide probable cause for defendant's arrest. See *People v Earle,* 51 Mich App 232; 214 NW2d 892 (1974). Since defendant's arrest was valid, the search made incident thereto was also proper, *People v Stergowski,* 391 Mich 714, 724; 219 NW2d 68 (1974), and no error occurred in denying his motion to suppress.

Defendant next contends that the entry into his apartment violated his fourth amendment rights and that the jar of Vaseline seized by the police should have been suppressed from evidence.

We disagree. On the basis of the information provided to the police by the complainant, they believed that defendant was still in the apartment. Their entry into the apartment therefore falls within the "hot pursuit" exception to the warrant requirement. *Warden v Hayden,* 387 US 294, 298-299; 87 S Ct 1642; 18 L Ed 2d 782 (1967), *People v Stergowski, supra,* at 720-721. Since the entry into the apartment was valid, the officers were in a place where they had a right to be. Thus, their seizure of the jar of Vaseline, which was inadvertently discovered on top of defendant's dresser, was proper under the "plain view doctrine". *People v Rembo,* 73 Mich App 339, 343; 251 NW2d 577 (1977).

Defendant next contends that the trial judge erred in instructing the jury on the asportation element of the kidnapping charge. Specifically, he contends that the trial judge erred in stating that

the jury could find asportation if the movement "was either for the purpose of abduction of the victim or to commit the crime of criminal sexual conduct in the first degree". This instruction was objected to by defense counsel on the ground that it fails to require movement "significantly independent from the underlying offense".

In *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973), the Michigan Supreme Court thoroughly analyzed the asportation requirement of the offense of kidnapping and set forth several rules for trial courts to follow in kidnapping cases. Relevant to the present case are the following:

"2. The movement element is not sufficient if it is 'merely incidental' to the commission of another underlying lesser crime.

\*   \*   \*

"4. If the movement adds either a greater danger or threat thereof, that is a factor in considering whether the movement adequately constitutes the necessary legal asportation, but there could be asportation without this element of additional danger so long as the movement was incidental to a kidnapping and not a lesser crime.

\*   \*   \*

"6. Whether or not a particular movement constitutes statutory asportation or whether there is an appropriate alternative element must be determined from all the circumstances under the standards set out above and is a question of fact for the jury." *Adams, supra,* 238.

In the present case, the jury was, in essence, instructed that the asportation needed to establish the kidnapping charge could be incidental to the commission of first-degree criminal sexual conduct. We believe this instruction was in direct conflict with the *Adams* rule declaring that the asporta-

tion cannot be " 'merely incidental' to the commission of another underlying lesser crime". *Adams, supra,* 238.

In so holding, we are well aware that this Court is split on the question of whether the asportation required for kidnapping may be incidental to another offense, when the punishment for that offense is co-equal to that of kidnapping. In *People v Hardesty,* 67 Mich App 376, 378; 241 NW2d 214 (1976), a panel of this Court concluded that *Adams* was inapplicable when the movement was incidental to a rape, since both offenses were punishable by life imprisonment. In so concluding, the Court focused upon the language in *Adams, supra,* at 238, that the movement cannot be incidental to the commission of an underlying *lesser* crime.

However, other panels of this Court have declined to interpret *Adams* in this manner. In *People v Worden,* 71 Mich App 507, 513-514; 248 NW2d 597 (1976), a panel of this Court rejected the *Hardesty* analysis, stating:

"While it is true that the *Adams* Court was concerned with the conversion of a simple crime into a capital offense, the logic of the opinion goes further and is directed to prohibiting the conversion of a single offense into two offenses. Thus it matters not whether the single offense is a minor misdemeanor such as simple assault or a capital felony such as armed robbery."

See also *People v Barker,* 90 Mich App 151; 282 NW2d 266 (1979).

We believe the latter analysis is more in line with the thrust of *Adams* and subscribe to it herein. Since the trial judge's instruction on the essential element of asportation permitted the jury to consider asportation that was incidental to the

offense of first-degree criminal sexual conduct, defendant's conviction for kidnapping must be reversed and the case remanded for a new trial on this count. *People v Adams, supra,* at 245.

We recognize that the present difference of opinion within this Court on this question presents a difficult dilemma for trial judges when called upon to instruct a jury on the elements of kidnapping. Hopefully, our Supreme Court will resolve this problem. In the meantime, where asportation is alleged, trial judges would be well advised to instruct in accordance with CJI 19:1:01. The use of this instruction may avoid future reversals under either the *Hardesty* or the *Worden* analysis.

Defendant further contends that the trial judge erred in denying his motion to quash the kidnapping charge. He claims that the evidence of asportation adduced at the preliminary examination showed only movement incidental to the other charged offense. Therefore, he argues that his kidnapping charge should be reversed outright.

This Court will not reverse a trial judge's decision not to quash an information unless an abuse of discretion has occurred. *People v Anderson,* 83 Mich App 744, 748-749; 269 NW2d 288 (1978). In this case, the judge's refusal to quash the information was clearly supported by the evidence. The complainant's testimony at the preliminary examination established that she had been forcibly taken from her apartment to that of defendant, where she was subsequently sexually assaulted.

In evaluating this evidence we initially note that the movement of the 10-year-old complainant to a strange apartment added a danger of harm greater than that presented solely by the sexual assault. *Adams, supra,* at 238. We further note that the question of whether the asportation was incidental

to another offense is one for the jury to decide. *Adams, supra,* at 238. Although there may well be some situations where the asportation alleged is so intertwined with another offense so as to render it incidental, as a matter of law, with that offense, the present case does not even approach such a situation. The evidence in support of asportation in this case was sufficient for jury consideration and defendant's motion to quash was properly denied.

Defendant next contends that the trial court erred in using a prior statement of defendant to impeach him when the statement had not been made available to him pursuant to a discovery order.

We find no error. The statement, which was made over six weeks after defendant's arrest, indicated that defendant knew it was the police trying to pull him over on the day of his arrest. This statement was used to impeach defendant after he testified on direct examination that he was unable to remember anything that had occurred prior to his arrest on the day of the incident. After defendant denied making this statement the prosecution called officer Frank Smith to the stand to testify as to the statement. Under these circumstances the testimony was properly admitted to contradict defendant's assertion of memory loss.

Nor do we read the trial judge's discovery order as requiring disclosure of defendant's statement. The only conceivable basis for discovery of this statement would be that part of the order providing that defendant be furnished with copies of statements by "any and all witnesses in this matter". Although the language used in this order is broad, other specific references to defendant in the discovery order lead us to believe that the order

refers to statements by witnesses other than defendant. After all, it may be presumed that defendant knew what statements he had made. However, if the trial judge intended that a statement of defendant also be furnished, the prosecutor's failure to furnish it to defendant was harmless error in the circumstances of this case. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972).

We have examined defendant's other issues on appeal and find them to be without merit. See *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), *People v Vargas,* 50 Mich App 738, 741-742; 213 NW2d 848 (1973), and *People v McIntosh,* 62 Mich App 422, 448; 234 NW2d 157 (1975), *rev'd in part on other grounds* 400 Mich 1; 252 NW2d 779 (1977).

Defendant's conviction for first-degree criminal sexual conduct is affirmed. The kidnapping conviction is reversed and the case remanded for a new trial on that charge alone.

D. E. HOLBROOK, JR., J., concurs in the result only.