PEOPLE v FERRELL

Docket No. 45642. Submitted June 11, 1980, at Detroit.—Decided August 27, 1980.

Gerald Ferrell was convicted of criminal sexual conduct in the first degree and unarmed robbery following a · jury trial in Recorder's Court of Detroit, Clarice Jobes, J. The two counts arose out of the same events, with the criminal sexual conduct count being based upon a charge that the defendant engaged in sexual penetration of the complainant under circumstances involving another felony, *i.e.,* the unarmed robbery. Defendant appeals, arguing that, since the conviction for criminal sexual conduct in the first degree depended upon proof of the unarmed robbery, the convictions for both criminal sexual conduct and unarmed robbery constitute a violation of the constitutional right against double jeopardy. *Held:*

Since the conviction for criminal sexual conduct in the first degree required proof of the commission of some other felony but did not require proof of the specific unarmed robbery which was also charged, and since the Legislature evidenced a clear intent to authorize such multiple convictions and punishments arising out of a common act, the convictions for both criminal sexual conduct in the first degree and unarmed robbery are constitutionally permissible.

Affirmed.

D. C. RILEY, J., concurred in the result but indicated her disagreement with the decision of the Supreme Court which mandated this result. She reaffirmed her position that felony murder and armed robbery represents a valid double-jeopardy claim.

OPINION OF THE COURT

1. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — CRIMINAL SEXUAL CONDUCT — STATUTES.

A conviction for criminal sexual conduct in the first degree under

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 189.
[2] 21 Am Jur 2d, Criminal Law §§ 188, 189.

an information charging sexual penetration under circumstances involving the commission of another felony even when coupled with a conviction of that underlying other felony does not violate the constitutional prohibition against double jeopardy (MCL 750.520b; MSA 28.788[2]).

CONCURRENCE BY D. C. RILEY, J.

2. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — FELONY MURDER — ARMED ROBBERY.

*Prosecution for both felony murder and the underlying felony of armed robbery violates the double jeopardy clause of the constitution because a defendant is thereby twice subjected to jeopardy for the same act.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Dianne M. Odrobina,* Assistant Prosecuting Attorney, for the people.

*Elliot D. Margolis,* for defendant.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

E. A. QUINNELL, J. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and unarmed robbery, MCL 750.530; MSA 28.798. He was sentenced to concurrent terms of 5 to 15 years imprisonment.

Defendant's double jeopardy claim must be rejected in light of the Michigan Supreme Court holding in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), *app dis sub nom Brintley v Michigan,* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979). In *Wayne County Prosecutor, supra,* 397-398, the Court held that the double jeopardy test of *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed

* Circuit judge, sitting on the Court of Appeals by assignment.

306 (1932), turned on an analysis of what the prosecution was legally required to prove to obtain a conviction, and not what the prosecution established in a particular case. Here, the prosecution was legally required to prove that a sexual penetration occurred under circumstances involving the commission of some other felony. The prosecution was not legally required to prove unarmed robbery. Thus, under the Michigan Supreme Court's interpretation of *Blockburger,* no double jeopardy violation exists.

Furthermore, there is no constitutional infirmity with the convictions for unarmed robbery and first-degree criminal sexual conduct under the standard set out in *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976). In *Wayne County Prosecutor, supra,* 399-402, the Court held that where there is a clear expression of legislative intent to authorize multiple convictions and punishments arising out of a common act, there is no double jeopardy problem. In the instant case, there is a clear legislative intent to authorize multiple convictions and punishments. See *People v Robideau,* 94 Mich App 663; 289 NW2d 846 (1980). We are thus bound by *Wayne County Prosecutor, supra,* to uphold both of defendant's convictions.

Defendant's other claims of error lack any merit and do not require discussion.

Affirmed.

BASHARA, P.J., concurred.

D. C. RILEY, J. *(concurring).* While I concur in the result reached in this matter based on our Supreme Court's decision in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 397-398; 280 NW2d 793 (1979), I write separately to indicate my disagreement with that decision and

to reaffirm my position in *People v Allen,* 94 Mich App 539; 288 NW2d 451 (1980) (lest my approval here be interpreted as a repudiation of same), that prosecution for felony murder and armed robbery presents a valid double-jeopardy claim.