## PEOPLE v BROWN

Docket No. 46103. Submitted June 3, 1980, at Grand Rapids.—Decided April 7, 1981. Leave to appeal applied for.

Freddy L. Brown was convicted in the Calhoun Circuit Court, Paul Nicolich, J., of one count of kidnapping and two counts of first-degree criminal sexual conduct, one perpetrated by use of a dangerous weapon and one during the commission of another felony, namely kidnapping. Defendant appeals. *Held:*

1. The court's instruction to the jury in a kidnapping prosecution which instructed that the asportation necessary to establish the kidnapping charge could be incidental to the commission of the other charged offense, first-degree criminal sexual conduct, was erroneous, because such an instruction allows the conversion of a single offense into two offenses.

2. Conviction of the defendant of both kidnapping and first-degree criminal sexual conduct perpetrated during the commission of the felony of kidnapping violated the prohibition against double jeopardy. The test, where the same act or transaction violates two separate statutes, is whether each provision requires proof of a fact which the other does not.

3. There was sufficient evidence of possession of a dangerous weapon. The testimony showed that the complainant saw the

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 756, 891.

75 Am Jur 2d, Trial § 615.

[2, 3, 6] 1 Am Jur 2d, Abduction and Kidnapping §§ 11, 12.

Seizure or detention for purpose of committing rape, robbery, or similar offense as constituting separate crime of kidnapping. 43 ALR3d 699.

[3] 21 Am Jur 2d, Criminal Law § 8.

[4, 7] 1 Am Jur 2d, Abduction and Kidnapping § 9.

21 Am Jur 2d, Criminal Law §§ 182, 188.

[5] 21 Am Jur 2d, Criminal Law §§ 183, 188, 189.

73 Am Jur 2d, Statutes §§ 145, 146.

Multiple instances of forcible intercourse involving same defendant and same victim as constituting multiple crimes of rape. 81 ALR3d 1228.

What constitutes penetration in prosecution for rape or statutory rape. 76 ALR3d 163.

defendant with a gun, defendant blindfolded her and, after blindfolding her, threatened her life if she did not comply with his demands.

Affirmed as to the first-degree criminal sexual conduct perpetrated by use of a dangerous weapon, reversed with regard to the other criminal sexual conduct and kidnapping convictions and remanded.

R. B. BURNS, P.J., dissented. He would hold that movement incidental to a crime coequal with kidnapping is asportation sufficient to support a conviction for kidnapping. He would also hold that kidnapping and first-degree criminal sexual conduct committed during the perpetration of a kidnapping are separate offenses and conviction of both does not violate the prohibition against double jeopardy.

OPINION OF THE COURT

1. KIDNAPPING — ASPORTATION — JURY INSTRUCTIONS — PRESERVING
   QUESTION — APPEAL.

   Failure to request an instruction in a kidnapping case regarding the asportation necessary to support a conviction or to object to its omission does not preclude appellate review as it pertains to an essential element of kidnapping.

2. KIDNAPPING — ASPORTATION — STATUTES.

   A movement of the victim does not constitute an asportation under the kidnapping statute unless it has significance independent of any underlying offense; the movement element must not be merely incidental to the commission of a lesser underlying crime; it must be incidental to the commission of a kidnapping (MCL 750.349; MSA 28.581).

3. KIDNAPPING — ASPORTATION — JURY INSTRUCTIONS.

   An instruction to the jury in a kidnapping prosecution which instructed that the asportation necessary to establish the kidnapping charge could be incidental to the commission of the other charged offense, first-degree criminal sexual conduct, was erroneous; such an instruction allows the conversion of a single offense into two offenses.

4. CRIMINAL LAW — DOUBLE JEOPARDY — KIDNAPPING — FIRST-DE-
   GREE CRIMINAL SEXUAL CONDUCT.

   Conviction of a defendant of both kidnapping and first-degree criminal sexual conduct perpetrated during the commission of the felony of kidnapping violates the prohibition against double jeopardy; the test where the same act or transaction violates

two separate statutes is whether each provision requires proof of a fact which the other does not.

5. RAPE — MULTIPLE CONVICTIONS — DOUBLE JEOPARDY — CRIMINAL SEXUAL CONDUCT.

Multiple convictions for multiple sexual penetrations during a single criminal episode are not prohibited by the double jeopardy clause, since that is what the Legislature intended in enacting the criminal sexual conduct statutes.

DISSENT BY R. B. BURNS, P.J.

6. KIDNAPPING — ASPORTATION.

Movement incidental to a crime coequal with kidnapping is asportation sufficient to support a conviction for kidnapping.

7. CRIMINAL LAW — DOUBLE JEOPARDY — KIDNAPPING — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT.

Kidnapping and first-degree criminal sexual conduct committed during the perpetration of a kidnapping are separate offenses and conviction of both does not violate the prohibition against double jeopardy.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James D. Norlander,* Prosecuting Attorney, and *John H. MacFarlane,* Assistant Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. B. BURNS, P.J., and MACKENZIE and J. T. KALLMAN,* JJ.

MACKENZIE, J. On March 30, 1979, defendant was convicted by a jury of two counts of first-degree criminal sexual conduct (CSC), MCL 750.520b; MSA 28.788(2), and one count of kidnapping, MCL 750.349; MSA 28.581. He received three concurrent terms of 20 to 40 years and appeals as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

Complainant testified at trial that at approximately 2:30 a.m. on September 29, 1978, while on her way home from work at a bar, after picking up her son at the babysitter's house, a car pulled along the side of her car. The driver honked his horn, flashed his lights, showed complainant what she thought was a police badge, and said, "Police, pull over". Complainant testified that both cars pulled over and that the man, whom she later identified as defendant, approached the open window of her car and asked her to produce some identification. Complainant stated that the man suddenly pulled a handgun, grabbed her keys from the ignition, and ordered complainant and her son out of the car.

According to complainant, defendant, still holding the gun on her and her son, backed them toward the rear of his car and opened the trunk. She stated that when she screamed and begged defendant not to put them in the trunk, defendant grabbed her around the neck, put his fingers down her throat, and threw her in the trunk on top of her son.

Complainant stated that defendant locked the trunk and had driven for about 25 minutes when she felt the car stop and heard the motor being turned off. She heard defendant get out, approach the trunk, and state that no harm would befall her if she did what he requested; he then told her to close her eyes and he opened the trunk and put something over her eyes.

Complainant testified that defendant led her and her son into a house where he tied one of her socks around her eyes. She said she could not see through the blindfold. Complainant stated that she was sitting on a couch and defendant "shoved his penis into my face and said I got something here

for you". Complainant said she pleaded with defendant not to make her "do this in front of my son". Defendant then told her to kneel on the floor with her arms on the couch and then penetrated her vagina with his penis. According to complainant, defendant forced her to lie on a blanket on the floor, got on top of her, and again inserted his penis into her vagina. Complainant testified that she was shaking after the second time, told defendant she was cold, and asked him if she could put her clothes on. Complainant said defendant replied, "No, I'm not done with you yet", and took her to another room where there was a heater. She said he put the blanket down and penetrated her vagina with his penis two more times. After promising defendant that she would not tell anyone about the incident, complainant persuaded defendant to allow her to put her clothes on and to drive complainant and her son home.

She testified that at no time after initially being forced into the trunk at gunpoint did she see the gun because she was blindfolded or had her eyes closed. However, complainant testified that she submitted to the sexual acts only because defendant said he would kill her otherwise and she believed her life, as well as her son's life, was in danger.

Defendant initially argues that the trial court's instructions erroneously failed to inform the jurors that if they found that the element of asportation —transporting the victim in a kidnapping case— was merely incidental to the crime of CSC, they should find defendant not guilty of kidnapping. Failure to request such an instruction or to object to its omission does not preclude review as it pertains to an essential element of the crime of kidnapping. *People v Adams,* 389 Mich 222; 205

NW2d 415 (1973). The trial court instructed as follows on the elements of kidnapping:

"First, the victim * * * must have been forcibly confined or imprisoned. Second, the victim must have been so confined or imprisoned against her will without lawful authority. Third, during the course of such confinement, the Defendant must have forcibly moved the victim, or caused her to be moved from one place to another for the purpose of abduction and kidnapping. If the evidence convinces you beyond a reasonable doubt that there was a movement and that it was either for the purpose of abduction of the victim, or to commit sexual penetration, this is sufficient for this element of the crime. Fourth, at the time of such confinement the Defendant must have intended to so kidnap or confine the victim. Fifth, at the time of such confinement, the Defendant must have been acting willfully and maliciously. Willfully and maliciously means that the Defendant intentionally confined the victim, knowing such confinement to be wrong and that he did so without legal justification or excuse".

We agree that *People v Adams, supra,* held that to establish asportation sufficient for kidnapping, the movement must not be merely incidental to an underlying lesser crime. 389 Mich 222, 236, 238. Also, the Supreme Court in *Adams* determined this was a fact question for the jury. This Court has held the jury must be instructed if they are to find defendant guilty of kidnapping, they must first find, in addition to the other elements, that the movement was not merely incidental to the commission of the "underlying" offense. *People v White,* 89 Mich App 726, 729; 282 NW2d 200 (1979), *People v Barker,* 90 Mich App 151, 154-155; 282 NW2d 266 (1979), *People v Lynn,* 91 Mich App 117, 123-125; 283 NW2d 664 (1979), *lv gtd* 407 Mich 902 (1979). Thus, it was error for the trial court to instruct that it was sufficient if the jury

found the evidence showed the asportation was "either for the purpose of abduction of the victim, or to commit sexual penetration".

In reaching this conclusion, we are aware of the split in this Court on the applicability of *Adams* to coequal offenses, such as CSC charged herein. Compare *People v Hardesty,* 67 Mich App 376, 378; 241 NW2d 214 (1976), *lv den* 397 Mich 875 (1976), with *People v Worden,* 71 Mich App 507; 248 NW2d 597 (1976). This issue is presently before the Michigan Supreme Court in *People v Lynn, supra.* We agree with the *Worden* analysis that the impact of *Adams* was to prevent conversion of a single offense into two separate offenses and, therefore, hold that *Adams* applies to coequal offenses. Accord, *People v Lynn, People v White,* and *People v Barker, supra.* Thus, due to the court's failure to instruct the jury as required by *Adams,* defendant's kidnapping conviction must be reversed.

Defendant may not, however, be retried on both the kidnapping charge and first-degree CSC during the felony of kidnapping because conviction on both counts is barred by the double jeopardy clause[1] on the facts at bar. In proving the charged CSC, it was necessary for the prosecutor to prove the elements of kidnapping in order to elevate the CSC charge to the first degree.

In *Brown v Ohio,* 432 US 161, 166; 97 S Ct 2221; 53 L Ed 2d 187 (1977), the United States Supreme Court reversed the defendant's conviction for auto theft following his guilty plea to the misdemeanor of joyriding based on the same incident, holding that:

"The established test for determining whether two

_____
[1] US Const, Am V.

offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v United States,* 284 US 299, 304 (1932):

" 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * *'

"This test emphasizes the elements of the two crimes. 'If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. * * *' *Iannelli v United States,* 420 US 770, 785, fn 17 (1975)."

Applying the *Blockburger* test in *Brown,* the Court concluded that the lesser offense, joyriding, required no proof beyond that required for conviction of auto theft, and that, therefore, the subsequent auto theft conviction violated defendant's right against twice being placed in jeopardy for the same offense.

A case more similar factually with the instant case is *Harris v Oklahoma,* 433 US 682; 97 S Ct 2912; 53 L Ed 2d 1054 (1977), where the Court reversed defendant's conviction of armed robbery in a trial held after his conviction of felony murder based on that same robbery:

"When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one. *In re Nielsen,* 131 US 176 (1889); *cf. Brown v Ohio,* 432 US 161 (1977). '[A] person [who] has been tried and convicted for a crime which has various incidents included in it, * * * cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense.' *In re*

Nielsen, supra, at 188. See also *Waller v Florida,* 397 US 387 (1970); *Grafton v United States,* 206 US 333, 352 (1907)." *Harris, supra,* 682-683.

See also *Whalen v United States,* 445 US 684; 100 S Ct 1432; 63 L Ed 2d 715 (1980), *Illinois v Vitale,* 447 US 410; 100 S Ct 2260; 65 L Ed 2d 228 (1980). Significantly, *Harris* was not decided on the ground that failure to charge defendant with both crimes and to try them at the same proceeding violated his right against double jeopardy. See the separate opinion of Justice Brennan, with which Justice Marshall concurred, 433 US 682, 683.

The crime of CSC differs somewhat from felony murder in that to sustain a conviction under MCL 750.520b(1)(c); MSA 28.788(2)(1)(c), it is only necessary for the prosecution to prove defendant committed an act of sexual penetration "involving the commission of any other felony"; that is, the felony may be a coequal offense such as kidnapping and need not be a less serious offense. However, where a defendant is charged under subsection (1)(c), it is mandatory that the prosecutor prove all the elements of some other felony. Therefore, if perpetration of another felony is the only criterion by which the CSC can be elevated to the first degree, under *Harris v Oklahoma,* the prosecutor is forced to choose between a conviction on the CSC offense or the other felony.[2]

We are aware that other panels of this Court have disagreed with this analysis, holding that there is no violation of the Double Jeopardy Clause because the Legislature intended to authorize multiple convictions and punishments; fur-

---

[2] This is not to say that where there are additional crimes arising out of the same transaction, defendant may not be charged and convicted accordingly. See, however, the limitations expressed in *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980).

ther, the prosecution was not legally required to prove the elements of a particular felony, but only that the CSC offense occurred under circumstances involving the commission of any other felony. See *People v Robideau,* 94 Mich App 663; 289 NW2d 846 (1980), *People v Ferrell,* 99 Mich App 609; 299 NW2d 366 (1980), citing *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979). The conclusion reached in *Robideau* and *Ferrell* was sharply criticized in *People v Peete,* 102 Mich App 34, 42; 301 NW2d 53 (1980).

"The Supreme Court, in *Wayne County Prosecutor, supra,* pointed to language in the felony-firearm statute, MCL 750.227b; MSA 28.424(2), that manifested the Legislature's clear intent to doubly punish. The felony-firearm statute described a separate felony offense and indicated that the mandatory two-year sentence is 'in addition to' the sentence for the felony and is to be served 'consecutively' to and 'preceding' the sentence for the felony. The criminal sexual conduct statute, however, does not specify a separate felony, nor does its sentencing provision require consecutive punishment. The court required a clear expression by the Legislature of an intent to authorize separate convictions.

"The United States Supreme Court in *Simpson v United States,* 435 US 6, 15; 98 S Ct 909; 55 L Ed 2d 70 (1978), said:

" 'This Court has steadfastly insisted that "doubt will be resolved against turning a single transaction into multiple offenses." *Bell v United States,* 349 US 81, 84 [75 S Ct 620, 622; 99 L Ed 905] (1955); *Ladner v United States,* 358 US 169 [79 S Ct 209; 3 L Ed 2d 199] (1958).' "

Accord, *People v Swearington,* 84 Mich App 372; 269 NW2d 467 (1978). Likewise, we find no language in the CSC statute purporting to allow multiple convictions and punishments where the CSC offense is committed during another felony.

Therefore, defendant may not be convicted of both offenses.[3]

Defendant's first-degree CSC conviction based on the commission of the felony of kidnapping must be reversed because of the deficient instructions on the asportation element of kidnapping. See *People v Peete, supra,* 44-45. Therefore, defendant's conviction of Count II, first-degree CSC during a felony, is reversed.[4]

Defendant's argument that his right to be free from multiple punishment for the same offense under the Double Jeopardy Clause was violated by his conviction of two counts of CSC during one criminal transaction is without merit. Clearly, a defendant may not be convicted of more than one count of CSC based on a single act of sexual penetration or sexual contact, *People v Willie Johnson,* 406 Mich 320; 279 NW2d 534 (1979). Reading the CSC statute as a whole, we conclude the Legislature intended to impose a criminal sanction for *each separate act* of sexual penetration of sexual contact. In the case at bar, complainant testified that defendant penetrated her vagina with his penis four separate times. She further testified the acts spanned some three to four hours and defendant forced her to assume different positions and to move to another room

[3] We realize that the jury, in convicting defendant of one count of CSC while armed with a dangerous weapon, found that the prosecution had proved defendant was armed during the CSC offenses. Therefore, defendant could have been convicted of all three offenses if he had been charged with committing both CSC offenses while armed with a weapon. Unfortunately, the prosecution elected to charge the statutory grounds in the alternative. Thus, we are bound by the offenses with which defendant was charged and convicted in analyzing defendant's double jeopardy and other claims.

[4] Although the jury was instructed on the lesser included offense of third-degree CSC, MCL 750.520d; MSA 28.788(4), we are unable to determine whether the jury found that force or coercion was used to accomplish the crime.

while committing the various sexual acts. Thus, it
is not difficult in this case to distinguish between
the alleged acts of sexual penetration or contact.
Although we have found no authority on this
issue, we note that the Michigan Supreme Court,
in *People v Willie Johnson, supra,* spoke in terms
of "a sexual penetration" or "one criminal sexual
act", rather than the entire criminal episode. No-
tably, the Court has upheld a defendant's convic-
tion of two counts of first-degree CSC based upon
one act of intercourse and one act of fellatio upon
one complainant during the same criminal trans-
action. *People v John Nelson,* 406 Mich 1020; 281
NW2d 134 (1980). In summary, we find clear lan-
guage in the CSC statute evincing a legislative
intent to punish each act of sexual penetration or
sexual contact. Further, under the *Blockburger*
test, the prosecution must prove one additional
fact under each CSC charged; that is, the prose-
cutor must prove at least as many distinct acts of
sexual penetration or acts of sexual contact as the
number of counts of CSC. Therefore, defendant's
right against multiple punishment for a single
offense was not violated. See *Wayne County Prose-
cutor v Recorder's Court Judge, supra.*

Defendant next argues that the prosecution
should have been estopped from charging defen-
dant with more than one count of CSC. The argu-
ment is based on defendant's reliance on an erro-
neous statement by the assistant prosecutor at
arraignment that the prosecution would prove
only one act of sexual penetration accompanied by
two statutory criteria. Defendant's motion to dis-
miss one count of CSC at trial because of the
misstatement was denied by the trial judge. Defen-
dant did not raise this issue at the preliminary
examination where the proofs showed at least four

acts of sexual penetration. Therefore, we find defendant's argument that he relied on the prosecutor's misstatement at arraignment unpersuasive. We agree with the trial judge that the information provided notice to defendant that he was being charged with two acts of sexual penetration.

When the trial court refused to grant defendant's motion to dismiss, defense counsel requested the court to instruct the jurors that they must identify a particular sexual act of penetration with each count involving the different statutory criteria. The court agreed only to instruct that in order to find defendant guilty of both counts of CSC, the jury must find more than one act of sexual penetration, and, in fact, instructed the jury accordingly:

"Members of the jury, in order to convict the Defendant of count two and count three, you must first determine that there was more than one act of sexual penetration, and that one of those acts had occurred during the commission of a kidnapping, and one of the other acts occurred while the Defendant was armed with a weapon, or an article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon."

This instruction definitively informed the jury that it must find at least two sexual penetrations, one occurring while defendant was armed and one during a kidnapping, to find defendant guilty of two counts of CSC. Neither the statute, nor the case law, requires that the jury identify a particular sexual penetration with a particular count.

Defendant next complains there was insufficient evidence that he was armed with a dangerous weapon while actually committing the alleged acts of sexual penetration. We disagree. Complainant

testified that defendant forced her out of her own car and into the trunk of his car at gunpoint. Thereafter, she was blindfolded or had her eyes shut at defendant's direction and did not see the gun. She stated defendant, prior to and during the acts of sexual penetration, threatened her life as well as that of her son if she did not comply with his demands. The jury could reasonably conclude from this testimony that, if defendant did not have the gun in his hands at the time of the acts of sexual penetration, it was readily accessible to him. See *People v Davis,* 101 Mich App 198; 300 NW2d 497 (1980).

The people concede that defendant is entitled to an additional four days of credit for time served prior to trial. We affirm the remaining first-degree CSC conviction and remand for resentencing, including credit for an additional four days. Defendant's convictions of kidnapping and first-degree CSC involving a felony are reversed, subject to the right of the prosecution to try defendant on either charge in a new trial.

Affirmed as to Count III, first-degree CSC with a weapon. Counts I and II are reversed and the case remanded for proceedings consistent with this opinion.

J. T. KALLMAN, J., concurred.

R. B. BURNS, P.J. *(dissenting).* I must dissent. *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973), held that in order to establish asportation sufficient for kidnapping, the movement must not be merely incidental to an underlying *lesser* crime.

In *People v Hardesty,* 67 Mich App 376; 241 NW2d 214 (1976), this Court held that the test set forth in *Adams* did not apply when the offenses charged were coequal. I agree with such a rule. To

hold otherwise would effectively eliminate the offense of kidnapping. Even in the classic case of child kidnapping for ransom, the underlying offense of extortion would eliminate the kidnapping charge.

In addition, it is my opinion that the kidnapping, MCL 750.349; MSA 28.581, and the acts of criminal sexual conduct, MCL 750.520b; MSA 28.788(2), were separate and distinct acts, and conviction of both kidnapping and criminal sexual conduct did not constitute double jeopardy.

I would affirm.