*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 21, 2019

v

No.  340272
Eaton Circuit Court
LC No.  2016-020296-FC

DAMON EARL WARNER,

Defendant-Appellant.

Before:  SWARTZLE, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(dissenting)*

I respectfully dissent, because I do not agree that the trial court improperly instructed the jury regarding unanimity.  Additionally, I would reject defendant's other assertions of error.[1] Therefore, I would affirm.

As the majority explains, defendant was charged with first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b) (victim aged 13 to 15 and a relative), on the basis of digital-vaginal penetration that occurred in the dining room of their home; and he was charged with second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(b) (victim aged 13 to 15 and a relative), on the basis of penile-vaginal contact in a bedroom.  Defendant's theory of the case was that neither event occurred.  The trial court's initial instructions to the jury informed them, *inter alia*, that time is not an element of either crime, that the two charges represented separate crimes to be considered independently, that a "verdict in a criminal case must be unanimous," and "in order to return a verdict, it is necessary that each of you agrees on that verdict."

Neither defendant nor the majority appear to take exception to the instructions as of that point in the proceedings, and I cannot imagine any such argument prevailing.  "Time is not of the

---

[1] However, due to the procedural posture of being in dissent, I, like the majority, find it unnecessary to present an analysis of those claims.

essence nor a material element in a criminal sexual conduct case, at least where the victim is a child." *People v Stricklin*, 162 Mich App 623, 634; 413 NW2d 457 (1987). Each act of penetration or contact is a separate act of criminal sexual conduct. *People v Dowdy*, 148 Mich App 517, 520-521; 384 NW2d 820 (1986); *People v Brown*, 105 Mich App 58, 68-69; 306 NW2d 392 (1981), aff'd in part and vacated in part on other grounds in *People v Robideau*, 419 Mich 458; 355 NW2d 592 (1984); see also *People v Sikorski*, 499 Mich 899; 877 NW2d 155 (2016). The trial court's instruction unambiguously required the jury to be unanimous as to *each* verdict it returned, not merely *any* verdict. It is clear that the attorneys and the trial court believed, at the time, that the acts in the dining room were specifically tied to the CSC-I charge, and the acts in the bedroom were specifically tied to the CSC-II charge. Because it was not yet contemplated that either act could support more than one specific charge each, there would have been no reason to suspect that a specific unanimity instruction might even *possibly* be warranted. See *People v Cooks*, 446 Mich 503, 510-516; 521 NW2d 275 (1994).

However, the jury sent a question that the attorneys and the trial court agreed was incomprehensible. Upon being asked to rephrase, the jury sent another note asking:

> Does count one have to pertain to evidence in the dining room only? Does count two have to pertain to evidence in the bedroom only? Or, can count one *and* two pertain to the dining room?

The attorneys and the trial court correctly agreed that CSC-II was a cognate offense of CSC-I rather than a lesser included offense, because CSC-II does not require penetration as does CSC-I, but CSC-I does not require a "sexual purpose" as does CSC-II. See *People v Duenaz*, 306 Mich App 85, 107; 854 NW2d 531 (2014). They also agreed that sexual penetration could be performed for a non-sexual purpose, such as torture, but *if* it is established to have been performed for a sexual purpose, it would necessarily also constitute sexual contact. I have not found any cases on point, but I agree, as apparently does the majority, that the logic is inescapable.

The trial court therefore, with the agreement of the attorneys, responded to the jury:

> "Does count one [CSC-I] have to pertain to evidence in the dining room only?"
> Yes. "Does count two [CSC-II] have to pertain to evidence in the bedroom only?" No. "Can count one and count two pertain to the dining room?" [Yes.]

Thus, the jury's instructions continued to require a CSC-I verdict to be based only on the digital-vaginal penetration in the dining room; however, a CSC-II verdict could "pertain to" either act. Defendant did not concede that either act actually occurred, but seemingly *did* concede that the evidence indicated any such penetration to have been for a sexual purpose. As the majority states, the jury was unable to reach a conclusion regarding the CSC-I charge, but it found defendant guilty of the CSC-II charge. As the majority also states, either assault could have supported a CSC-II conviction. However, this is *not* a situation in which a single act could have resulted in multiple convictions under the same statute. See *People v Garland*, 286 Mich App 1, 6-7; 777 NW2d 732 (2009).

Notably, defendant does not argue that the trial court erred in failing to *sua sponte* give a specific unanimity instruction, but rather that defense counsel was ineffective for failing to request one. As a consequence, in addition to the review standards outlined by the majority, we are to engage in the presumption that trial counsel's decisions were strategic, we must defer to any reasonable possibility that such strategic decisions were sound irrespective of whether they were successful, and we must evaluate whether any error is likely to have affected the outcome of the proceedings. *People v Jordan*, 275 Mich App 659, 667-668; 739 NW2d 706 (2007); *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001).

"Michigan criminal juries are not required to unanimously agree upon every fact supporting a guilty verdict." *People v Gadomski*, 232 Mich App 24, 30-31; 592 NW2d 75 (1998). Even where a multitude of alternative acts could satisfy the *actus reus* of a single charged offense, a general unanimity instruction will suffice "unless 1) the alternative acts are materially distinct (where the acts themselves are conceptually distinct or where either party has offered materially distinct proofs regarding one of the alternatives), or 2) there is reason to believe the jurors might be confused or disagree about the factual basis of defendant's guilt." *Cooks*, 446 Mich at 524. Defendant did not challenge the details of either assault, but rather whether they occurred at all; in his closing argument to the jury, he explicitly stated that:

> The defendant says that none of these things happened. I submit, to you, that the evidence really supports that version. The only thing that doesn't support it is [the victim's] testimony, and that's it. The testimony of a girl who's in trouble and wanted to get out of trouble. She deflected.

Defendant offered no materially distinct defense against either charge beyond undermining the victim's credibility. Likewise, the prosecution's case largely consisted of the victim's testimony and undermining defendant's credibility. Thus, it "was obvious to the participants in the trial that the verdict turned on whether the jury believed the testimony of [the victim] on the one hand, or found reasonable doubt that any sexual assault occurred, as claimed by the defendant." *People v Van Dorsten*, 441 Mich 540, 545; 494 NW2d 737 (1993).

The two acts of assault perpetrated by defendant were *physically* distinct. However, because neither party offered materially distinct proofs, the acts are only *materially* distinct (and therefore warranting a specific unanimity instruction) if they are "conceptually distinct." *Cooks*, 446 Mich at 524. Again, defendant "did not contest the nature of the acts themselves." See *People v Martin*, 271 Mich App 280, 338-339; 721 NW2d 815 (2006). Defendant's conviction of CSC-II did not require a conclusion that penetration occurred, and defendant did not dispute that either assault would, if it occurred, entail sexual contact. See *Cooks*, 446 Mich at 529 n 33. Under the circumstances of this case, I cannot agree that the assaults were, at least for purposes of CSC-II, conceptually distinct.[2] Because the trial court unambiguously instructed the jury that

---

[2] It appears to me that the majority concludes that physically distinct acts are necessarily materially distinct. I respectfully disagree and believe that if our Supreme Court had intended such an automatic equivalence, it would have so stated.

each verdict must be unanimous as to *that* verdict, I conclude that the general unanimity instruction was proper and sufficient.

As noted, because the majority does not analyze the remainder of defendant's claims on appeal, I likewise decline to set forth an extensive analysis. However, I have reviewed them and I would find them unpersuasive. Defendant's conviction should be affirmed.

/s/ Amy Ronayne Krause