PEOPLE v ANTONIO JOHNSON

Docket No. 77-2563. Submitted April 13, 1978, at Detroit.—Decided August 21, 1978.

Antonio A. Johnson was charged with manslaughter. At a pretrial *Walker* hearing to determine the voluntariness and admissibility of a statement made by the defendant, the trial court found that, although the defendant had been properly advised of and had waived his *Miranda* rights, the statement must be suppressed because the defendant was arrested in the morning of March 3 and was not arraigned until March 5, and therefore was not arraigned without unnecessary delay as required by the prompt arraignment statute, Recorder's Court of Detroit, George W. Crockett, Jr., J. The people appeal by leave granted. *Held:*

The statement by the defendant would be admissible because the delay between the defendant's arrest and arraignment was not employed as a tool to extract the statement from the defendant.

Reversed and remanded to another Recorder's Court judge for a determination of the voluntariness and admissibility of the statement in question.

N. J. KAUFMAN, J., concurred. He would hold that the statement should not be suppressed solely because of a statutory violation. However, he would not condone the procedure of a "reverse writ" of habeas corpus to hold the defendant in derogation of his rights.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 440, 456.

29 Am Jur 2d, Evidence § 547.

Admissibility of confession as affected by delay in arraignment of prisoner. 19 ALR2d 1331.

[2] 29 Am Jur 2d, Evidence §§ 529, 543.

[3] 29 Am Jur 2d, Evidence §§ 555–557.

Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.

[4] 39 Am Jur 2d, Habeas Corpus §§ 1, 2.

OPINION OF THE COURT

1. CRIMINAL LAW—ARREST—FELONY—ARRAIGNMENT—UNREASONABLE DELAY—EVIDENCE—CONFESSIONS—EXCLUSION OF EVIDENCE— STATUTES.

The statutes governing the arrest-arraignment process provide that after a defendant has been arrested on a felony charge he shall be taken before a magistrate for arraignment without unnecessary delay; however, this does not require the exclusion of every admission or confession obtained during a period of unreasonable delay; only when the delay has been employed as a tool to extract a statement should an exclusionary rule be imposed under these statutes (MCL 764.13, 764.26; MSA 28.871[1], 28.885).

2. CRIMINAL LAW—STATEMENTS BY DEFENDANT—VOLUNTARINESS OF STATEMENTS—EVIDENCE—ADMISSIBILITY OF STATEMENTS.

The determination of the voluntariness of statements made by a criminal defendant is a matter of fact; voluntary statements are admissible and involuntary statements are not.

3. CRIMINAL LAW—INTERROGATION OF SUSPECT—POLICE CONDUCT— PRECISE COMMAND OF MIRANDA.

Police conduct in the interrogation of a suspect is governed by the "precise command" of *Miranda* and not by a much broader prohibition.

CONCURRENCE BY N. J. KAUFMAN, J.

4. CONSTITUTIONAL LAW—HABEAS CORPUS—PERSONS ILLEGALLY CONFINED—REVERSE WRIT OF HABEAS CORPUS.

*Habeas corpus is a civil proceeding the main purpose of which is to cause the release of a person illegally confined, to inquire into the authority of law by which a person is deprived of his liberty; a reverse writ of habeas corpus, used to hold a defendant in derogation of his rights, is not mentioned in the constitution and is wrong (Const 1963, art 1, § 12).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*George P. Mann,* for defendant on appeal.

Before: T. M. BURNS, P. J., and N. J. KAUFMAN and BASHARA, JJ.

PER CURIAM. This is a prosecutor's appeal by leave granted to review the trial court's pretrial decision to suppress a statement made by the defendant after his arrest, but before his formal arraignment. On defendant's motion, a *Walker*[1] hearing was held. At the conclusion of the hearing, the court found that, although defendant was properly advised of and waived his *Miranda*[2] rights, the statement must be suppressed because he was not arraigned without unnecessary delay, a violation of MCL 764.26; MSA 28.885.[3] The prosecution for manslaughter,[4] MCL 750.321; MSA 28.553, has been stayed, pending our review of that determination.

The charge against defendant is based on the strangulation death of Ernestine Payton in March of 1975. Defendant was a suspect and heard that the police were looking for him. He called the police around 9:15 a.m. on March 3, 1975, and agreed to turn himself in. A police car was sent to pick up the defendant and he was arrested at that time.

Defendant was given his *Miranda* rights and made an exculpatory statement shortly after his arrest. The admission of this first statement has not been questioned by the defense nor does the

---

[1] *People v Walker (on Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

[3] *See also,* MCL 764.13; MSA 28.871(1).

[4] Defendant was originally charged with second-degree murder, MCL 750.317; MSA 28.549, but pled guilty to manslaughter. After a hearing ordered by this Court on appeal, the plea was set aside. There is no question that the people are now restricted to prosecuting defendant for manslaughter. *People v McMiller*, 389 Mich 425; 208 NW2d 451 (1973).

prosecutor intend to offer it in evidence at trial.
Because the police did not believe the statement,
defendant volunteered to support it by taking a
polygraph test. An officer made an appointment
for the polygraph examination for 11 a.m. the next
day, March 4.

Since defendant was to be held in custody until
the polygraph examination could be administered,
he was taken before a judge for a "reverse writ" of
habeas corpus.[5] Defendant told the officer while in
court, but before he appeared before the judge,
that he was willing to talk about this crime. The
officer refused to speak to the defendant about the
incident until after the polygraph test. What de-
fendant was told by the judge during the "reverse
writ" proceeding does not appear in the record.
The officer who accompanied defendant before the
judge did not testify, even though the prosecutor
offered to produce him.

No further questioning of defendant occurred
before the polygraph exam the next day. However,
after the test results did not support defendant's
initial statement, he was questioned by another
officer from 3:20 p.m. to 4:20 p.m. on March 4. It
was during this session that the challenged state-
ment was given, reduced to writing and signed by
the defendant. The contents of the statement do
not appear in the record, but the prosecutor claims
that it was still largely exculpatory. Defendant
was formally charged and arraigned on a second-
degree murder count on March 5.

In the motion requesting a *Walker* hearing,
defense counsel did not rely on the tardy arraign-

---

[5] Judge Crockett stated in his opinion, "The reverse writ proceeding
is informal and without any documentation. It is the local police
method of seeking judicial approval for extended detention of an
arrestee without benefit of a warrant."

ment as a basis for suppressing the statement. The matter was raised by the trial court after both counsel had completed examination of the officers testifying at the *Walker* hearing. Defendant had been called, but did not testify when the court indicated it was willing to rule on the admissibility of the statement based on the statute.

The court, in a written opinion, found that defendant had properly waived his *Miranda* rights before each of the questioning sessions. The court found, however, that since defendant was arrested in the morning of March 3 and not arraigned until March 5, the statement must be suppressed because of a violation of MCL 764.26; MSA 28.885, the prompt arraignment statute. The court also discussed, but made no specific findings on, a due process violation[6] and the voluntariness of the statement. The question for our review is whether this statement should be suppressed solely because of a statutory violation.[7] The Supreme Court has considered the same question. In *People v White*,[8] 392 Mich 404, 424; 221 NW2d 357 (1974), the Court stated:

---

[6] Mere delay in taking a defendant before a judge does not make admission of a statement taken during the delay a violation of due process. The question, under the due process clause, is whether the statement was coerced; even if the delay was a violation of state law. *See, e.g., Crooker v California,* 357 US 433; 78 S Ct 1287; 2 L Ed 2d 1448 (1958), *Clewis v Texas,* 386 US 707; 87 S Ct 1338; 18 L Ed 2d 423 (1967), and Anno: *Admissibility of confession,* 1 L Ed 2d 1735, 1747, § 6, n 5.

[7] For purposes of discussion we have accepted the trial court's finding that the statute was violated. This assumption is based primarily on the lack of a showing of what defendant was informed of when he appeared before the judge on March 3. If the prosecutor can show that defendant was judicially warned of his rights, we would then be able to consider whether such a proceeding is an adequate substitute for an arraignment.

[8] *White* involved a pre-*Miranda* statement. There is no reason to believe that the statutory analysis should be any different post-*Miranda*. The quoted portion of the opinion was endorsed by all five participating justices.

"These sections, while straightforward in their command to the police, have not been interpreted by this Court or [sic] require the exclusion of every admission or confession obtained during a period of unreasonable delay. Only when the delay has been employed as a tool to extract a statement has an exclusionary rule been imposed under these sections. *People v Hamilton,* 359 Mich 410; 102 NW2d 738 (1960); *People v Harper,* 365 Mich 494; 113 NW2d 808 (1962); *People v Farmer,* 380 Mich 198; 156 NW2d 504 (1968)."

The question for the trial court was whether the delay from defendant's arrest on the morning of March 3 until the time the statement was given between 3:20 p.m. and 4:20 p.m.[9] on March 4 was "employed as a tool to extract a statement". We hold that the trial court abused its discretion in finding that this delay was used to coerce a confession.

The record shows that defendant was questioned by the police three times in this 30-hour period: once shortly after his arrest, during the polygraph examination, and shortly after the polygraph had been administered. The defendant was warned of his *Miranda* rights on each occasion and the officers testified that no request for an attorney or to stop the interrogation was ever made. Indeed, the defendant asked for the polygraph and expressed a willingness to talk about the incident while waiting in court for the reverse writ. The questioning session which led to the challenged statement was apparently a result of defendant's desire to talk about the incident expressed before the reverse writ proceeding.

---

[9] The delay is counted only to the point that the statement in question is made. Obviously, any delay after the statement is made could not have contributed to coercing it. *People v Livingston,* 57 Mich App 726; 226 NW2d 704 (1975), *remanded on other grounds,* 396 Mich 818 (1976).

There is nothing in this record to indicate that defendant was coerced or that the statement was involuntary.[10] The statement was not "sweated out" of the defendant by constant and unrelenting interrogation, the real thrust of those cases applying an exclusionary rule for the type of violation found here. See, *People v Farmer,* 380 Mich 198; 156 NW2d 504 (1968). Each of the questioning sessions was preceeded by warnings and, if the officer's testimony is believed, defendant was more than willing to talk about the incident.

The question isn't one of delay, but of whether the statement was voluntary or coerced. *People v Dawson,* 29 Mich App 488, 495; 185 NW2d 581 (1971), *People v Gwinn,* 47 Mich App 134, 141–142; 209 NW2d 297 (1973). The determination of voluntariness is a matter of fact. Voluntary statements are admissible and involuntary statements are not. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972). Police conduct in the interrogation of a suspect is governed by the "precise command" of *Miranda* and not, as the trial court held, a much broader prohibition. *People v Charlie Lee Woods,* 382 Mich 128; 169 NW2d 473 (1969). The trial court erred in ordering the statement suppressed.

Reversed and remanded to another Recorder's Court judge for a determination of the voluntariness and, therefore, the admissibility of the statement in question.

---

N. J. KAUFMAN, J. *(concurring).* A prisoner's

[10] It must be recalled that the trial court made its ruling without the benefit of defendant's testimony and the testimony of the other officers who would have been called by the prosecution. We do not know whether the prosecutor would consider the record complete enough to allow a different judge to consider the voluntariness on the present record. Since the prosecution bears the burden of showing that the statement is voluntary, it will be up to it to determine whether more testimony must be taken.

right to habeas corpus is granted by Const 1963, art 1, § 12. As noted in *People v McCager,* 367 Mich 116, 121; 116 NW2d 205 (1962):

"Habeas corpus is a civil proceeding the main purpose of which is to cause the release of persons illegally confined, to inquire into the authority of law by which a person is deprived of his liberty."

Nowhere in the constitution is there mention of a "reverse writ", used to accomplish exactly what the constitutional provision protects against. In this case, the "reverse writ" was used to hold defendant in derogation of his rights under MCL 764.26; MSA 28.885. This is wrong and I certainly do not condone the procedure.

Nevertheless, as the question presented for appellate review was narrow, "whether [the] statement should be suppressed solely because of a statutory violation," I concur separately from the majority opinion. See *People v White,* 392 Mich 404; 221 NW2d 357 (1974), *People v Hamilton,* 359 Mich 410; 102 NW2d 738 (1960).