PEOPLE v CASEY

Docket No. 66445. Decided May 4, 1981. On application by the people for leave to appeal the Supreme Court, in lieu of granting leave to appeal, affirmed the judgment of the Court of Appeals.

Edal L. Casey was convicted by a jury in Recorder's Court of Detroit, David E. Wilson, J., of armed robbery and possession of a firearm during the commission of a felony. The Court of Appeals, R. M. Maher, P.J., and Bronson and Quinn, JJ., reversed the convictions on the grounds that the defendant had been illegally arrested and that two inculpatory statements made by him must be suppressed because they were tainted by the illegal arrest (Docket No. 51723). The people apply for leave to appeal, arguing that an informal proceeding in Recorder's Court of Detroit, known as a reverse writ, provided police officers with judicial approval of the continued detention of Casey even though no arrest warrant had been issued, and that the proceeding was an intervening circumstance which made the defendant's statements admissible. In a unanimous per curiam opinion, the Supreme Court *held:*

The reverse writ proceeding is a nullity without constitutional or statutory basis. The writ of habeas corpus has been called the great writ. It is the safeguard of personal liberty and cannot be used as an instrument for the detention of a citizen rather than his release. Whether a citizen is being legally or illegally held must be determined by reference to principles in constitutional, statutory, and judicial sources. A detention which is otherwise illegal is not cleansed of its illegality by the issuance of a reverse writ or by the pendency of such proceedings.

The judgment of the Court of Appeals is affirmed.

102 Mich App 595; 302 NW2d 248 (1980) affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba* for defendant.

PER CURIAM. In this case we encounter a so-called "reverse writ" proceeding. Apparently, the procedure is usually a brief hearing at which the police or the prosecutor seek judicial approval for the continued detention of a citizen when, for want of probable cause, no warrant has been issued.[1] For the reasons herein stated, we hold that reverse writ proceedings are without legal effect and may not be employed to justify the detention of a citizen.

I

Defendant was convicted by a jury in Recorder's Court of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). After the Court of Appeals granted a motion to affirm, we returned the case to that Court for plenary consideration. *People v Casey,* 408 Mich 935 (1980). The Court of Appeals then reversed the convictions, ruling that the defendant had been illegally arrested and that a pair of inculpatory statements made by the defendant must be suppressed. *People v Casey,* 102 Mich App

[1] The Court of Appeals described the reverse writ procedure as one in which "the local police seek judicial approval for extended detention of a suspect without the issuance of a warrant". In *People v Antonio Johnson,* 85 Mich App 247, 250, fn 5; 271 NW2d 177 (1978), the Court of Appeals quoted a trial court opinion which had stated that a "reverse writ proceeding is informal and without any documentation. It is the local police method of seeking judicial approval for extended detention of an arrestee without benefit of a warrant". An examination of the record in this case and of a form order for a reverse writ suggests that the precise means by which a citizen is held is the adjournment of reverse writ proceedings, rather than the issuance of any such writ.

595; 302 NW2d 248 (1980).[2] The Court of Appeals wrote that "the record clearly shows a causal connection between the tainted arrest and the confession" and that "[n]o intervening circumstances existed which would make either * * * [statement] admissible".

## II

In plaintiff's application to this Court, it is urged that "an intervening event of significance did, in fact, occur; namely, the issuance of a 'reverse writ' * * * which is an independent determination by a judicial officer [t]o permit continued detention". Thus, in the plaintiff's view, defendant's statements should be admissible upon retrial.

We disagree that the reverse writ proceeding which occurred in this case is "an intervening event of significance". It is a nullity. Its constitutional and statutory bases cannot be examined for it has none.

The United States Supreme Court has properly labelled the writ of habeas corpus "the Great Writ". *Darr v Burford,* 339 US 200, 203; 70 S Ct 587; 94 L Ed 761 (1950). That Court has written,

"It must never be forgotten that the writ of *habeas corpus* is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired." *Bowen v Johnston,* 306 US 19, 26; 59 S Ct 442; 83 L Ed 455 (1939).

We will not allow the writ to be utilized as an instrument for a citizen's detention rather than his release.[3]

---

[2] The facts of defendant's arrest and detention are set out at length in that opinion.

[3] In his concurring opinion in *Antonio Johnson,* Judge N. J. KAUF-

The principles governing the detention of a citizen may be located in a host of constitutional, statutory, and judicial sources; whether a citizen is being legally or illegally held is a determination which must be made by reference to those principles. We today neither add to nor subtract from that body of law. A detention which is otherwise illegal is not cleansed of its illegality by the issuance of a reverse writ or by the pendency of such proceedings.

Accordingly, in lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals. GCR 1963, 853.2(4).

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

MAN condemned the use of a reverse writ to accomplish "exactly what the constitutional provision protects against". In the instant case, the Court of Appeals characterized the reverse writ as being designed "to get judicial approval of an illegal confinement, precisely what Const 1963, art 1, § 12 sought to protect against".