PEOPLE v DEAN

Docket No. 51849. Submitted June 16, 1981, at Detroit.—Decided
    September 30, 1981.

    Nathan Dean was convicted of first-degree murder and felony-
    firearm in Detroit Recorder's Court, Leonard Townsend, J. The
    defendant appeals alleging that (1) the trial court erred in
    holding that a statement given by him to the police was
    voluntary and that evidence of the statement was admissible,
    (2) the trial court erred in admitting an in-court identification
    which the defendant alleges had no basis independent of a
    pretrial lineup, and (3) the trial court improperly instructed the
    jury on the defense of alibi. *Held:*

    1. The Court of Appeals does not reach a definite and firm
    conviction that a mistake was committed by the lower court in
    determining that the defendant's statement was voluntary. The
    trial court was in a better position to judge the relative credi-
    bility of the witnesses than the Court of Appeals and the Court
    of Appeals gives great deference to the determination by the
    trial court.

    2. The defendant's claim that he was prejudiced by an unduly
    suggestive in-court identification is without merit. The witness
    did not make a positive in-court identification. The defendant

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 4 Am Jur 2d, Appeal and Error § 271.
    29 Am Jur 2d, Evidence §§ 529, 543, 590.
[3] 5 Am Jur 2d, Arrest §§ 76, 77.
    21 Am Jur 2d, Criminal Law § 421.
    29 Am Jur 2d, Evidence §§ 547, 613.
[4, 5] 29 Am Jur 2d, Evidence §§ 371, 371.4.
    Admissibility of evidence of lineup identification as affected by
    allegedly suggestive lineup procedure. 39 ALR3d 487.
    Suggestive pretrial identification procedure as not affecting court
    testimony as to identification under totality of circumstances. 34
    L Ed2d 401.
    Admissibility of evidence as to extrajudicial or pretrial identifica-
    tion of accused. 71 ALR2d 449.
[5] 21A Am Jur 2d, Criminal Law § 803.
[6] 4 Am Jur 2d, Appeal and Error § 533.
    5 Am Jur 2d, Appeal and Error § 891.

fails to demonstrate in what manner the lineup was unduly suggestive. Even assuming that the lineup was in some manner unduly suggestive, the defendant was not prejudiced by the testimony at trial concerning the identification.

3. Since the defendant did not object to the disputed instruction on alibi at trial, the Court of Appeals will not consider that issue on appeal.

Affirmed.

1. CRIMINAL LAW — CONFESSIONS — APPEAL.

The Court of Appeals reviews a lower court's determination of the voluntariness of a defendant's confession by looking at the totality of the circumstances and will not reverse a trial court's finding unless it is clearly erroneous or unless the Court of Appeals is left with a definite and firm conviction that a mistake has been made.

2. CRIMINAL LAW — CONFESSIONS — APPEAL.

The Court of Appeals gives great deference to a lower court's finding regarding the voluntariness of a criminal defendant's confession.

3. CRIMINAL LAW — CONFESSIONS — EVIDENCE — STATUTES.

The statutes governing the arrest-arraignment process provide that after a defendant has been arrested on a felony charge he shall be taken before a magistrate for arraignment without unnecessary delay; however, this does not require the exclusion of every admission or confession obtained during a period of unreasonable delay; only when the delay has been employed as a tool to extract a statement should an exclusionary rule be imposed under these statutes (MCL 764.13, 764.26; MSA 28.871[1], 28.885).

4. CRIMINAL LAW — PRETRIAL IDENTIFICATION — APPEAL.

The Court of Appeals in determining the admissibility of evidence of a pretrial identification of a defendant reviews the totality of the circumstances surrounding the pretrial identification and whether those procedures were so impermissibly suggestive as to give rise to the substantial likelihood of misidentification.

5. CRIMINAL LAW — LINEUPS.

A defendant who is represented by counsel at a lineup has the burden to allege and factually support a later claim that the lineup was impermissibly suggestive.

6. APPEAL — JURY INSTRUCTIONS — COURT RULES.

Failure to object to an alleged instructional error at trial pre-

cludes consideration of that alleged error on appeal (GCR 1963, 517.2).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to two years imprisonment for the felony-firearm conviction and given a life term of imprisonment for the murder conviction. Defendant appeals as of right and raises three challenges to his conviction.

Defendant first alleges that the trial court committed error requiring reversal by finding that a statement given to the police by the defendant was voluntary and that evidence of the statement was admissible. In this statement, defendant admitted to having shot three persons in the back of the head after having tied their hands behind their back. Defendant was apparently upset at having purchased some narcotics that did not live up to the defendant's expectations from one of the deceased persons. Defendant's request for the return of the money he used to purchase the narcotics was apparently unsuccessful and led to the fatal shootings.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

A separate *Walker [People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965)] hearing was conducted and both defendant and the officer who transcribed his statement testified. Upon hearing the testimony, the lower court determined that the defendant's statement was voluntary and that evidence of the statement was admissible in his trial. Subsequently, the interrogating officer was permitted to read the defendant's transcribed statement, in which he admitted shooting three persons.

This Court reviews a lower court's determination of voluntariness by looking at the totality of the circumstances and will not reverse a trial court's finding unless it is clearly erroneous or unless this Court is left with a definite and firm conviction that a mistake has been made. *People v Terlisner,* 96 Mich App 423; 292 NW2d 223 (1980), *People v Emanuel,* 98 Mich App 163; 295 NW2d 875 (1980), *People v Wesley,* 103 Mich App 240; 303 NW2d 194 (1981).

From the totality of the evidence adduced in the *Walker* hearing, we do not conclude with a definite and firm conviction that a mistake was committed by the lower court in determining that defendant's statement was voluntary. Most, if not all, of the defendant's allegations concerning the adverse nature of the police interrogation were specifically denied by the interrogating officers who were involved in the case against defendant. Where the testimony of the interrogating officers and the defendant differed, we note that the trial court was in a better position to judge the relative credibility of these witnesses than we are. This Court gives great deference to a lower court's finding following a *Walker* hearing. *People v Hummel,* 19 Mich App 266; 172 NW2d 550 (1969).

We also reject defendant's contention that the length of time he was detained by the police indicates that his confession was coerced. Even if we assume, *arguendo,* that the defendant's detention was illegal,[1] defendant has failed to convince this Court that the delay was employed as a tool to extract defendant's confession. See *People v Antonio Johnson,* 85 Mich App 247; 271 NW2d 177 (1978).

We secondly reject defendant's argument on appeal that error requiring reversal was committed through the admission of an unduly suggestive in-court identification which defendant alleged had no independent basis from a pretrial lineup. Defendant's argument on appeal is not well framed. While defendant contends that the in-court identification made by a particular witness was improper since there was no showing that it was independent from that witness's pretrial lineup identification, a review of the record indicates that this witness did *not* make a positive in-court identification. If defendant's argument on appeal is reinterpreted to suggest that reversible error was committed when the plaintiff was permitted to elicit testimony from this witness concerning his pretrial lineup identification, we still reject defendant's argument.

As in the first issue raised by the defendant, this Court reviews a lower court's determination following a *Wade [United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967)] hearing by reviewing the totality of the circumstances sur-

---

[1] We recognize that the police utilized the "reverse writ" procedure to detain the defendant. This writ unequivocally has been condemned by our Supreme Court as a nullity. *People v Casey,* 411 Mich 179; 305 NW2d 247 (1981). While we disapprove of the utilization of the "reverse writ", we nevertheless conclude that reversal is not mandated in the instant case since the detention was not used to coerce or extract the statement.

rounding the pretrial identification and whether those procedures were so impermissibly suggestive as to give rise to the substantial likelihood of misidentification. *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). Since there is no dispute in the case at bar but that an attorney was present at the lineup, it is defendant's burden to show that the lineup was impermissibly suggestive. *People v Rivard,* 59 Mich App 530; 230 NW2d 6 (1975). Defendant fails to demonstrate in this case in what fashion the lineup was unduly suggestive. Again, even if we assume that the lineup was in some manner unduly suggestive, defendant was simply not prejudiced by the trial testimony concerning the identification. The witness readily conceded that defendant was picked out at the lineup not because he could be positively identified but because he fit a general description. Thus, the jury was fully apprised of the circumstances and could have been expected to give the identification only that weight actually due it. Defendant's claim is without merit.

Defendant lastly contends that the trial court improperly instructed the jury on the defense of alibi. However, a review of the record indicates that no objection was made to the disputed alibi instruction. The rule is well-established that the failure to object to an alleged instructional error precludes consideration of that alleged error on appeal, GCR 1963, 517.2. This rule has been specifically applied where the alleged error is a failure to properly instruct on alibi. *People v Clemons,* 91 Mich App 68; 282 NW2d 838 (1979).

Affirmed.