# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LEO KENNEDY,

        Defendant-Appellant.

UNPUBLISHED
December 8, 2015

No. 322873
Wayne Circuit Court
LC No. 00-010568-FC

Before: MURRAY, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to life in prison without the possibility of parole for the first-degree murder conviction and to two years' imprisonment for the felony-firearm conviction. We affirm.

Defendant first argues that he was deprived of due process because, following the dismissal of the charges at the first preliminary examination, the prosecutor filed a second complaint charging the same offenses, the case was assigned to a different judge at the second preliminary examination, and no new evidence was discovered. We conclude that there was no due process violation and that the unpreserved error in the assignment of the case to a different judge at the second preliminary examination did not affect the outcome of the proceedings.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). This issue is unpreserved because defendant failed to raise it below. Defendant did not object to the assignment of the case to a different judge at the second preliminary examination or request that the case be transferred back to the judge who presided over the first preliminary examination.

Issues of constitutional law are reviewed de novo. *People v Vaughn*, 491 Mich 642, 650; 821 NW2d 288 (2012). "The proper interpretation and application of a court rule is a question of law that is reviewed de novo." *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012). Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To avoid forfeiture of an unpreserved issue, a

-1-

defendant must show that a clear or obvious error occurred that caused prejudice by affecting the outcome of the lower court proceedings. *Id*. at 763. If a defendant satisfies these requirements, an appellate court should exercise its discretion to reverse only if the plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of the proceedings. *Id*. at 763-764.

MCR 6.110(F) provides, with respect to a preliminary examination:

> If, after considering the evidence, the court determines that probable cause does not exist to believe either that an offense has been committed or that the defendant committed it, the court must discharge the defendant without prejudice to the prosecutor initiating a subsequent prosecution for the same offense or reduce the charge to an offense that is not a felony. Except as provided in MCR 8.111(C), the subsequent preliminary examination must be held before the same judicial officer and the prosecutor must present additional evidence to support the charge.

MCR 8.111(C)(1) provides that the chief judge may reassign a case if a judge is disqualified or for other good cause cannot undertake an assigned case.

This Court has held "that subjecting a defendant to repeated preliminary examinations violates due process if the prosecutor attempts to harass the defendant or engage in 'judge-shopping.' " *People v Robbins*, 223 Mich App 355, 363; 566 NW2d 49 (1997). "Among the factors to be considered in determining whether a due process violation has occurred are the reinstitution of charges without additional, noncumulative evidence not introduced at the first preliminary examination, the reinstitution of charges to harass and judge-shopping to obtain a favorable ruling." *People v Vargo*, 139 Mich App 573, 578; 362 NW2d 840 (1984). Although additional evidence must be presented at the second preliminary examination, the additional evidence need not be newly discovered. *Robbins*, 223 Mich App at 361. For example, in *Vargo*, 139 Mich App at 578, this Court found that there was no due process violation where, although "the new evidence could have been introduced at the first preliminary examination, the failure to do so was more a product of neglect than a deliberate attempt to harass defendant."

Defendant has not established a due process violation. Additional evidence was presented at the second preliminary examination. Dawon Grier, who did not testify at the first preliminary examination, testified at the second preliminary examination that he saw defendant shoot the victim, Anthony Mercer. The prosecutor presented Grier at the second preliminary examination after the witnesses at the first preliminary examination failed to testify in accordance with their earlier statements. There is no indication that the prosecutor was seeking to harass defendant by refiling the charges and holding the second preliminary examination.

An error did occur under MCR 6.110(F) because the second preliminary examination was held before a different judge. However, there is no basis to conclude that the prosecutor had any control or influence on the assignment of the case to a different judge, and defendant did not request a transfer of the case when the judge at the second preliminary examination noted that the case should have been assigned to the original judge. The prosecutor never argued for having the case remain before the second judge. On this record, there is no evidence that the

prosecutor was engaged in judge-shopping. Rather, the charges were refiled and the second preliminary examination was held because the witnesses at the first preliminary examination failed to testify as expected. Finally, the error in assigning the case to a different judge did not affect the outcome. Defendant does not contest that the testimony at the second preliminary examination provided probable cause to bind him over.

Defendant next argues that he was unlawfully arrested and detained following the dismissal of the charges at the first preliminary examination. We disagree. This issue is unpreserved because defendant failed to raise it below. *Metamora Water Serv, Inc*, 276 Mich App at 382. Therefore, our review is for plain error affecting substantial rights. *Carines*, 460 Mich at 763-764.

Defendant's contention that he was held pursuant to a so-called "reverse writ" is devoid of merit. A "reverse writ" was a colloquial term used in Detroit to describe a procedure in which the police or the prosecutor sought judicial approval for detaining a citizen when no warrant had been issued due to lack of probable cause. *People v Cipriano*, 431 Mich 315, 337-338; 429 NW2d 781 (1988); *People v Casey*, 411 Mich 179, 180; 305 NW2d 247 (1981). "[R]everse writ proceedings are without legal effect and may not be employed to justify the detention of a citizen." *Casey*, 411 Mich at 180. That is because a reverse writ has no constitutional or statutory basis. *Id*. at 181. "A detention which is otherwise illegal is not cleansed of its illegality by the issuance of a reverse writ or by the pendency of such proceedings." *Id*. at 182. A reverse writ has no effect on the legality of a detention. *Cipriano*, 431 Mich at 338. The holding in *Casey* barring the use of a reverse writ to justify an otherwise illegal arrest and detention is inapplicable if the police had probable cause to arrest the defendant. *Id*.

In the present case, the police had probable cause to arrest and detain defendant following the dismissal without prejudice of the charges at the first preliminary examination. On August 31, 2000, the same date as the first preliminary examination in this case, defendant was charged with resisting and obstructing a police officer. He was bound over for trial on the resisting and obstructing charge on September 15, 2000. Defendant fails to address this charge or to argue that the police lacked probable cause to arrest and detain him on this charge. The police also had probable cause to rearrest defendant on the first-degree murder and felony-firearm charges in this case on the basis of information obtained from witnesses who did not testify at the first preliminary examination. Defendant was recharged with murder and felony-firearm on September 3, 2000.

Even if the police lacked probable cause to rearrest and detain defendant, defendant has failed to establish that he is entitled to the vacation of his convictions as a remedy. The United States Supreme Court has recognized that it is an "established rule that [an] illegal arrest or detention does not void a subsequent conviction." *Gerstein v Pugh*, 420 US 103, 119; 95 S Ct 854; 43 L Ed 2d 54 (1975); see also *People v Burrill*, 391 Mich 124, 133-134; 214 NW2d 823 (1974) (the invalidity of an arrest warrant does not affect the court's jurisdiction to try the defendant), and *People v Carroll*, 49 Mich App 44, 46; 211 NW2d 233 (1973) ("The rule, in fact, is that an unlawful arrest does not prevent the prosecution of a defendant."). "[T]he sole remedy for an illegal arrest is suppression of the evidence, not dismissal of the charges." *City of Lansing v Hartsuff*, 213 Mich App 338, 352; 539 NW2d 781 (1995); see also, generally, *People v Harrison*, 163 Mich App 409, 421; 413 NW2d 813 (1987) ("While an improper delay in

-3-

arraignment may necessitate the suppression of evidence obtained as a result of that delay, the delay does not entitle a defendant to dismissal of the prosecution."). Defendant identifies no evidence that he claims was obtained as a result of his purportedly illegal arrest or detention that must be suppressed. In addition, the dismissal of the charges without prejudice at the first preliminary examination did not prohibit rearresting and recharging defendant for the same offenses. *People v Miklovich*, 375 Mich 536, 539; 134 NW2d 720 (1965) ("The discharge by an examining magistrate upon examination of a person accused of a crime is not a bar to his subsequent arrest, examination, and trial for the same offense because he has not been placed in jeopardy."); *People v Hayden*, 205 Mich App 412, 414; 522 NW2d 336 (1994) ("[D]ismissal of a prosecution at preliminary examination raises no bar under res judicata or collateral estoppel to a subsequent prosecution."). Accordingly, defendant has failed to establish a plain error affecting his substantial rights.

Defendant next argues that defense counsel was ineffective for failing to object to the admission of statements that defendant alleges constituted inadmissible hearsay.

We conclude that review of this issue is barred by the law of the case doctrine. "Whether the law of the case doctrine applies is a question of law that we review de novo." *Duncan v Michigan*, 300 Mich App 176, 188; 832 NW2d 761 (2013). "Generally, the law of the case doctrine provides that an appellate court's decision will bind a trial court on remand and the appellate court in subsequent appeals." *Id.* at 188-189 (citation and quotation marks omitted). "The law of the case doctrine has been described as discretionary—as a general practice by the courts to avoid inconsistent judgments—as opposed to a limit on the power of the courts." *Id.* Nonetheless, this Court must apply the law of the case doctrine if there has been no material change in the facts or intervening change in the law. *Id.* "Even if the prior decision was erroneous, that alone is insufficient to avoid application of the law of the case doctrine." *Id.*

In his delayed application for leave to appeal from the judgment of sentence in this case, which defendant filed in a prior appeal,[1] defendant argued that defense counsel was ineffective for failing to move before trial to suppress alleged hearsay statements admitted through the testimony of numerous witnesses, including the same four witnesses whose testimony defendant now argues that defense counsel should have objected to on hearsay grounds. This Court denied the delayed application for leave to appeal "for lack of merit in the grounds presented." *People v Kennedy*, unpublished order of the Court of Appeals, entered April 5, 2002 (Docket No. 239127). Because this Court's prior order denying leave to appeal resolved on the merits the issue regarding the testimony of these four witnesses, that order has preclusive effect. See *People v Hayden*, 132 Mich App 273, 297; 348 NW2d 672 (1984) (concluding that the law of the case doctrine precluded reaching the merits of an issue because this Court had previously denied the defendant's motion to remand on the same issue "for lack of merit in the grounds

---

[1] Following the resolution of that prior appeal, the trial court reissued the judgment of sentence for the reason that defendant's previous appellate counsel had failed to perfect defendant's otherwise timely appeal of right. Hence, the present appeal arises from the same judgment of sentence from which defendant had previously filed a delayed application for leave to appeal.

presented"). There has been no material change in the facts or intervening change in the law. Accordingly, the law of the case doctrine precludes review of this issue.[2]

Defendant next argues that his Sixth Amendment right of confrontation was violated because witness Michael Dixon's statement referenced remarks by Darnell Parham implicating defendant in the crime, and Parham was not available for cross-examination. Even assuming, without deciding, that an error occurred, it was harmless beyond a reasonable doubt. "Harmless error analysis applies to claims concerning Confrontation Clause errors[.]" *People v Shepherd*, 472 Mich 343, 348; 697 NW2d 144 (2005). A reviewing court must thoroughly examine the record to determine whether it is clear beyond a reasonable doubt that the verdict would have been the same without the error. *Id.* There was significant evidence of defendant's guilt. Two eyewitnesses testified that they saw defendant shoot Mercer. Two other witnesses testified that they heard defendant make statements acknowledging that he shot Mercer. Defendant admitted to the police that he was at the murder scene with Parham when the shooting occurred. Defendant's flight from the police following a traffic stop suggested his consciousness of guilt. *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). We conclude that it is clear beyond a reasonable doubt that defendant would have been found guilty even if the statement at issue had not been used.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Michael J. Riordan

---

[2] The fact that review of this issue is precluded does not mean that the trial court's order reissuing the judgment of sentence lacks meaningful effect, given that defendant has raised new issues on appeal for which review is not precluded by the law of the case doctrine. We further note that we have briefly reassessed defendant's claims regarding the testimony at issue and have found that, even if review were applicable, the claims would not merit appellate relief.