PEOPLE v ANTHONY

Docket No. 52874. Submitted March 10, 1982, at Detroit.—Decided
    October 6, 1982. Leave to appeal denied, 417 Mich 897.

Defendant, Jessie Anthony, was convicted by a jury in Detroit
    Recorder's Court, Evelyn K. Cooper, J., of armed robbery. The
    facts indicate that while the police were investigating at the
    scene of the crime they were told by a citizen that he had seen
    three men, allegedly including the defendant, running through
    an alley carrying clothing shortly after the robbery occurred.
    The citizen led the police to defendant's home. The police had
    no information that anyone had recently entered the house.
    With three patrolmen and one sergeant present the police
    knocked on the door and identified themselves. There was no
    response but the police heard some running and men talking
    inside, therefore, they forced the door open. Fifteen to 30
    minutes had elapsed since the robbery occurred. The defendant
    and two others were found hiding inside with items stolen in
    the robbery. The trial court denied defendant's motion to
    suppress the evidence, according to the briefs on appeal,
    grounded on the position that the police were in "hot pursuit"
    and, thus, justified in entering the house and that once in the
    house the evidence seized apparently was in "plain view".
    Defendant appeals alleging the trial court erred in denying his
    motion to suppress, claiming that the police lacked probable
    cause to conduct a search and seizure at his residence without
    a warrant. *Held:*

    1. Absent exigent circumstances, a nonconsensual entry into
    a house without a warrant to make a routine felony arrest is
    prohibited.

    2. Exigent circumstances are present where immediate action
    is necessary to (1) protect the police officers or other persons, (2)
    prevent the loss or destruction of evidence, or (3) prevent the
    escape of the suspect.

    3. Exigent circumstances were lacking here since the officers
    had the house under control, the officers were in no danger and

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 68 Am Jur 2d, Searches and Seizures §§ 41, 44.
[4] 5 Am Jur 2d, Arrest § 89.
[5] 4 Am Jur 2d, Appeal and Error § 166.

there was no testimony that the police believed defendant could escape or would destroy valuable evidence.

4. The term exigent does not mean expedient.

5. A United States Supreme Court case upholding a search without a warrant was distinguished from this case since in that case a reliable third party had seen the suspect enter the house moments before the search.

6. The trial court erred in failing to suppress the evidence in question.

Reversed.

S. EVERETT, J., dissented and stated his belief that the matter should be remanded for a full evidentiary hearing since no such hearing was held and the Michigan Supreme Court has stated that neither the trial court nor the Court of Appeals could properly rule on a motion to suppress evidence without there having been a full evidentiary hearing.

OPINION OF THE COURT

1. SEARCHES AND SEIZURES — SEARCHES WITHOUT WARRANT.

A search without a warrant is unreasonable per se unless there exists both probable cause and circumstances establishing one of the delineated exceptions to the warrant requirement.

2. SEARCHES AND SEIZURES — SEARCHES WITHOUT WARRANT — PROBABLE CAUSE.

Probable cause for a search without a warrant has been defined as a state of mind which stems from some fact, circumstance or information which would create an honest belief in the mind of a reasonably prudent person.

3. SEARCHES AND SEIZURES — SEARCHES WITHOUT WARRANT — EXIGENT CIRCUMSTANCES.

The "exigent circumstances" exception to the rule that a search and seizure without a warrant is per se unreasonable provides that exigent circumstances are present where immediate action is necessary to (1) protect the police officers or other persons, (2) prevent the loss or destruction of evidence, or (3) prevent the escape of the suspect.

4. ARREST — ARREST WITHOUT WARRANT.

A nonconsensual entry into a suspect's house by the police without a warrant to make a routine felony arrest is prohibited in the absence of exigent circumstances.

DISSENT BY S. EVERETT, J.

5. EVIDENCE — SUPPRESSION OF EVIDENCE — EVIDENTIARY HEARING.
   *Neither a trial court nor the Court of Appeals may properly rule on a motion to suppress evidence without there having been a full evidentiary hearing.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Paul C. Louisell,* for defendant.

Before: D. C. RILEY, P.J., and R. B. BURNS and S. EVERETT,* JJ.

PER CURIAM. Defendant was charged with the armed robbery, MCL 750.529; MSA 28.797, of a clothing store. A jury found him guilty as charged and he was ultimately sentenced to a term of from 15 to 30 years in prison.

While the police were investigating at the scene of the crime, they were told by one Sylvester Fields that he knew where the people who had robbed the store lived. Fields had seen three men, allegedly including defendant, running through the alley carrying clothing shortly after the robbery had occurred. The police were led by Fields to the defendant's home. The police had no information that anyone had recently entered the house. Three patrolmen and one sergeant were at the house when the decision to announce their presence was made. When the police knocked on the door and identified themselves, they heard some running and men talking inside. The officers, receiving no response, forced upen the door. Somewhere between 15 to 30 minutes had elapsed from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the time of the robbery until the police forcibly entered defendant's house. Defendant was found hiding in the basement under a pile of clothes. Donald Kline and Robert Owens were also found hiding in the house along with stolen items from the clothing store. Defendant had $284 in cash and a woman's diamond ring, which had been stolen from a salesperson in the store, on his person. Robert Owens had $322 and an Omega watch on his person.

Kline pled guilty to the charge of armed robbery and testified that defendant was not involved in the crime. *People v Kline,* 113 Mich App 733; 318 NW2d 510 (1982). Defendant testified that he was home in his basement repairing a broken water pipe at the time of the robbery.

Defendant raises a number of issues, one of which requires reversal. Defendant argues that the police lacked probable cause to conduct a warrantless search and seizure at defendant's residence and, therefore, the resulting evidence should have been suppressed.

The lower court's decision denying the motion to suppress, according to the briefs filed in this appeal, was grounded on the position that the police were in "hot pursuit" and therefore, were justified in entering the house. Once the officers were in the house, the evidence seized apparently was in "plain view". Both of these terms relate to exceptions to the warrant requirements of US Const, Am IV, and Const 1963, art 1, § 11. All too often, terms such as these are used in an arcane manner without solid legal analysis.

A warrantless search is unreasonable per se unless there exists both probable cause and circumstances establishing one of the delineated exceptions to the warrant requirement. *People v*

*Mullaney,* 104 Mich App 787, 792; 306 NW2d 347 (1981). Probable cause has been defined as a state of mind which stems from some fact, circumstance or information which would create an honest belief in the mind of a reasonably prudent person. *People v Gwinn,* 47 Mich App 134, 140; 209 NW2d 297 (1973). Exigent circumstances are present where immediate action is necessary to: (1) protect the police officers or other persons, (2) prevent the loss or destruction of evidence, or (3) prevent the escape of the suspect. *People v Dugan,* 102 Mich App 497, 503; 302 NW2d 209 (1980).

In *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980), the Court held that absent exigent circumstances, a warrantless, nonconsensual entry into a house to make a routine felony arrest is prohibited. *People v Woodward,* 111 Mich App 528; 314 NW2d 680 (1981). In *Woodward,* a panel of this Court found the forcible entry into the home and the subsequent arrests of the defendants therein to be illegal due to the lack of exigent circumstances. The police were led to the Woodward house by one of the apprehended participants in the underlying robbery shortly after the crime. After announcing themselves as police, the team of officers heard running inside the house which prompted the police to force open the door. On the basis of *Payton,* the warrantless arrests were found to be illegal due to the lack of exigent circumstances.

In *People v Van Auker,* 111 Mich App 478; 314 NW2d 657 (1981), the people argued that a warrantless, nonconsensual entry was necessary to prevent defendant's escape and prevent destruction of evidence. The Court stated:

"There was testimony that at least five police officers were present at the time of defendant's arrest and that

there was only one entrance to the apartment in which he was hiding. Under these circumstances, we believe that the officers could have kept watch over the building and prevented any attempted escape while waiting for an arrest warrant to be issued." 111 Mich App 482.

The *Woodard* and *Van Auker* decisions demonstrate that the term exigent does not mean expedient. The officers in *Woodard* knew nothing more than that defendant lived in the house, not that he was in the house. The running they heard did not create exigent circumstances. The officers in *Van Auker* had the apartment completely under their control and the defendant could not escape and they were in no danger. Therefore, they were required to obtain a warrant rather than forcibly enter the dwelling, which was more expedient.

In the case at bar, the officers had the house under control. They were in no danger and there was no testimony that the police believed defendant could escape or would destroy valuable evidence. Exigent circumstances were lacking in this case.

The prosecutor cites *Warden v Hayden*, 387 US 294; 87 S Ct 1642; 18 L Ed 2d 782 (1967), as authority for upholding the search in this case. That case, we believe, differs radically from the one at bar. The distinction is that a reliable third party saw the suspect enter the house. The officers' actions, therefore, were not directed to a house where the suspect was living but rather where he had entered moments before. Compare, *People v Stergowski*, 391 Mich 714; 219 NW2d 68 (1974), and *People v Strelow*, 96 Mich App 182; 292 NW2d 517 (1980), with *People v Lynn*, 91 Mich App 117; 283 NW2d 664 (1979), *aff'd* 411 Mich 291; 307 NW2d 61 (1981).

We conclude, therefore, that exigent circum-

stances were lacking for the officers to enter the house. The trial court erred in failing to suppress the evidence. *People v Kline, supra.*

Reversed.

S. EVERETT, J. *(dissenting).* In *People v Talley,* 410 Mich 378; 301 NW2d 809 (1981), the Supreme Court stated that neither the trial court nor the Court of Appeals could properly rule on a motion to suppress evidence without there having been a full evidentiary hearing. At page 389, the Court said:

"For the Court of Appeals to presume to rule on the merits in such an absence of proper procedure requires this Court to point out to that Court and all trial courts that a motion to suppress evidence requires the holding of a full evidentiary hearing and any attempt to rule on such a motion on the basis of a preliminary examination transcript alone is inadequate and erroneous."

In this case, no such hearing was held. In view of the mandate of the Supreme Court, it appears to me that this matter should be remanded for the required hearing. I therefore must respectfully dissent.