PEOPLE v LOVE

Docket No. 79959. Submitted January 9, 1986, at Lansing. Decided September 30, 1986.

Willie J. Love was convicted of breaking and entering an occupied dwelling with intent to commit a larceny therein and first-degree criminal sexual conduct, following a jury trial in the Genesee Circuit Court, Robert E. Ransom, J. The trial court sentenced defendant to concurrent prison terms of from ten to fifteen years for breaking and entering and life for first-degree criminal sexual conduct. Defendant appealed, claiming error in the trial court's denial of his motion to suppress evidence obtained from his apartment in a search conducted by the police without a warrant immediately after receiving a tip implicating defendant.

The Court of Appeals *held:*

1. Exigent circumstances, which are necessary to overcome the prohibition against a nonconsensual search and seizure without a warrant, were not present in this case. The record did not disclose that immediate action was necessary to (1) protect the police officers or other persons, (2) prevent the loss or destruction of evidence, or (3) prevent the escape of defendant.

2. The record also did not disclose that this was a case of "hot pursuit" where a search without a warrant may be justified where delay by the police in the course of an investigation would greatly endanger their lives or the lives of others.

3. The trial court's error in denying defendant's motion to suppress was not harmless, since the remaining evidence of defendant's guilt was not overwhelming.

Reversed and remanded.

1. SEARCHES AND SEIZURES — EXIGENT CIRCUMSTANCES.

A search and seizure made without a warrant may be reasonable

REFERENCES

Am Jur 2d, Searches and Seizures §§ 44, 56, 102.

Comment Note.—Nature of interest in, or connection with, premises searched as affecting standing to attack legality of search. 78 ALR2d 246.

where exigent circumstances exist; exigent circumstances are present where immediate action is necessary to: (1) protect police officers or other persons; (2) prevent the loss or destruction of evidence; or (3) prevent the escape of the suspect.

2. SEARCHES AND SEIZURES — EXIGENT CIRCUMSTANCES — "HOT PURSUIT."

A search without a warrant may be justified where delay by the police in the course of an investigation would gravely endanger their lives or the lives of others.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Bennett S. Engelman,* for defendant on appeal.

Before: WAHLS, P.J., and MACKENZIE and R. L. TAHVONEN,* JJ.

PER CURIAM. Willie James Love was convicted by a jury of breaking and entering an occupied dwelling with intent to commit a larceny therein, MCL 750.110; MSA 28.305, and first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). He was sentenced to a prison term of from ten to fifteen years on the breaking and entering conviction and to a concurrent term of life in prison on the CSC conviction. He appeals as of right and we reverse and remand for a new trial.

The charges against defendant were spawned by an incident which occurred on May 14, 1983, during which the sixty-five-year-old victim was physically assaulted, raped and robbed in her Flint home.

Defendant claims on appeal that the trial court erred in denying his pretrial motion to suppress evidence. Prior to trial, defendant moved to sup-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

press evidence taken from his apartment during a search without a warrant by police. The parties did not dispute the facts surrounding the police's initial entry into the apartment. The only issue was whether or not the entry was justified by exigent circumstances. The trial court denied the motion, reasoning that

> in determining whether or not there were exigent circumstances, I'll look at the situation just prior to the incident. Based on the information contained in the affidavit, if I had been outside the entrance at 448 Page Street before the entry, I would have signed the search warrant. Therefore, I think the circumstances amounted to an exigent situation, and, accordingly, the motion to suppress the evidence is denied.

We review a trial court's denial of a motion to suppress evidence using the "clearly erroneous" standard. *People v Jerry Smith,* 122 Mich App 106, 111; 332 NW2d 428 (1982); *People v US Currency,* 148 Mich App 326, 329; 383 NW2d 633 (1986). Because we have a definite and firm conviction that the evidence should have been suppressed, we reverse and remand for a new trial excluding the evidence found in defendant's home.

Absent exigent circumstances, a nonconsensual entry into a person's home without a warrant to make a felony arrest is prohibited. *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980); *People v Van Auker,* 111 Mich App 478, 481; 314 NW2d 657 (1981), lv den 413 Mich 879 (1982). Exigent circumstances are present where immediate action is necessary to: (1) protect the police officers or other persons; (2) prevent the loss or destruction of evidence; or (3) prevent the escape of the suspect. *Van Auker, supra,* p 482;

*People v Anthony,* 120 Mich App 207; 327 NW2d 441 (1982), lv den 417 Mich 897 (1983).

None of these three situations was present in the case at bar. The police, after investigating the victim's home, received a tip from a neighbor that defendant may have been involved in the crime and that he was thought to be in his apartment. There was no indication that he was armed or that he was a danger to police officers or other persons. Nor was loss or destruction of evidence a concern. Defendant allegedly stole jewelry and household items that are not easily disposed of, unlike drugs which can be flushed down toilets.

Moreover, we do not believe this was a case of "hot pursuit," a form of exigent circumstances. *People v Raybon,* 125 Mich App 295, 301; 336 NW2d 782 (1983); *Warden v Hayden,* 387 US 294; 87 S Ct 1642; 18 L Ed 2d 782 (1967). A search without a warrant may be justified where police officers' delay in the course of an investigation would gravely endanger their lives or the lives of others. Where speed is essential to ensure that police have control of weapons which could be used against them or to effect an escape, a search without a warrant is permissible. *Warden v Hayden, supra,* 387 US 298-299. Here, at least four or five officers were at the scene. The apartment could have easily been surrounded and secured while a warrant was obtained. Instead, police broke down defendant's door over one hour after the crime was committed and began a search. They uncovered the stolen property, secured the premises and then sought a warrant. The trial court's theory that police could have gotten a warrant before breaking the door down does not excuse their failure to do so. Under such reasoning there would never be a need to seek a warrant

where probable cause exists—only where it does not.

The evidence seized during the search must therefore be suppressed. The error was not harmless, given that the remaining evidence of defendant's guilt was not overwhelming. *Van Auker, supra,* p 483; *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972).

Reversed and remanded.