PEOPLE v COBBS

Docket No. 128275. Submitted January 17, 1991, at Lansing. Decided
     April 1, 1991, at 10:30 A.M. Leave to appeal sought.
   James L. Cobbs pleaded guilty of kidnapping and of felonious
     assault in the Genesee Circuit Court, Philip C. Elliott, J., and
     was sentenced to forty to sixty months' imprisonment for the
     kidnapping conviction and thirty-two to forty-eight months for
     the assault conviction. The people appealed, claiming that the
     trial court erred in negotiating, over the prosecutor's objection,
     a plea agreement between the court and the defendant.
   The Court of Appeals *held:*
   A trial court may not negotiate a sentence bargain with a
     defendant over the objection of the prosecutor. The sentences
     imposed in this case are invalid, necessitating a remand to a
     different judge for withdrawal of the pleas and trial or for
     resentencing if the defendant chooses not to withdraw his
     pleas.
   Concerns of minimizing the possible coercion of criminal
     defendants, of preserving the public confidence in the judicial
     system, and of avoiding the danger of a trial judge being bound
     to a particular sentence before being apprised of all relevant
     sentencing considerations necessitate that trial judges not nego-
     tiate sentence bargains with defendants over the objection of
     prosecutors.
   Reversed and remanded.

CRIMINAL LAW — PLEA BARGAINS — SENTENCE AGREEMENTS — PAR-
     TICIPATION BY TRIAL COURTS.
   A trial court may not negotiate a sentence bargain with a
     defendant over the objection of the prosecutor.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Robert E. Weiss,* Prose-
cuting Attorney, and *Donald A. Kuebler,* Chief,
Appellate Division, for the people

REFERENCES
Am Jur 2d, Criminal Law §§ 483, 485.
See the Index to Annotations under Judges; Plea Bargaining.

*Bruce L. Hulse,* for the defendant on appeal.

Before: Neff, P.J., and Shepherd and McDonald, JJ.

Neff, P.J. Defendant pleaded guilty of kidnapping, MCL 750.349; MSA 28.581, and felonious assault, MCL 750.82; MSA 28.277. The pleas were induced by the circuit judge's agreement with defendant, over the prosecutor's objection, to impose a maximum sentence of no more than five years' imprisonment for the kidnapping conviction. Defendant was sentenced to forty to sixty months' imprisonment for the kidnapping conviction and thirty-two to forty-eight months' imprisonment for the assault conviction. The prosecutor now appeals as of right. We reverse and remand for further proceedings.

I

Defendant's convictions arise from the kidnapping and assault of Rosalyn Henderson, the ten-year-old daughter of his girl friend. He was apparently distraught over his girl friend's refusal to let him visit their daughter, Shamika Cobbs, so he abducted Rosalyn from a church bus and drove her to his girl friend's house in an attempt to force his girl friend to release Shamika to him. During the abduction, which lasted approximately two hours, defendant pulled Rosalyn around by her hair and held a knife to her neck. The incident eventually ended when the police were able to talk defendant into letting Rosalyn go and turning himself in.

At the beginning of defendant's plea hearing, the circuit judge stated:

> He has no previous record and we have a situation in the Prosecutor's Office where they probably

not only want him to plead guilty to everything he's charged with, but would like to have him nailed to the cross, too; and so, because of the lack of any sensible plea bargaining down there, I've indicated today that if he wants to plead guilty as charged, with or without the prosecutor's consent, I'll let him have an understanding that the maximum term would not be more than five years for the kidnapping and that's all it could be, anyway, for the felonious assault, which means he could be sent to prison, if he is sent to prison, for as much as three years and four months to five years, because the minimum term can't be more than two-thirds of the maximum term; and although there is really no plea bargain between the prosecutor and the defendant, the plea would be on that understanding.

After this statement, the prosecutor stated on the record that he had not been a party to any plea negotiations between defense counsel and the judge. Later, the following colloquy occurred between the prosecutor and the judge:

*Mr. Riggs:* The assault guidelines, given Mr. Cobbs' record, calls for a minimum sentence within 60 to 144 months, Judge; and although Mr. Cobbs pleads guilty to all the charges, I would suggest that a maximum of five years seems to me to be a small price to pay, in view of what Rosalyn's gonna go through for the rest of her life.

*The Court:* Okay. Well, so be it.

*Mr. Riggs:* And we'd, therefore, object. I guess if we can object, we do.

*The Court:* You can't.

*Mr. Riggs:* Well, that's my understanding, Judge.

*The Court:* You can always appeal, I suppose, but I don't think you're gonna succeed. I think this would be jeopardy.

The circuit judge advised defendant of his trial

rights, obtained a waiver of those rights, and elicited factual bases for the charges. He then accepted the pleas, stating:

> Okay. I have not agreed upon the possibility of a plea or the possible sentence with the prosecutor or the defendant or anyone acting in the interests of either, except to the extent that I put on the record today, my suggestion that apparently was agreed to, because it seemed to me—ah—to everybody's advantage and considering the number of cases that have to be tried, a sensible way to resolve this case. It's a shame and it's—ah—sending him to life in prison isn't gonna solve the problem.

At sentencing, the trial judge departed from the recommended sentencing guidelines range of 60 to 144 months' imprisonment. The judge noted the heinous nature of the offense, and stated:

> I did, however, engage in a plea agreement that the sentence for the kidnapping would not be more than a maximum of five years. In the circumstances, I think I should impose the most serious sentence I can impose consistent with the promise to you that the maximum would not be more than five years, because of the apparent psychological damage done to the child and the severe nature of the assault.

The judge prepared a sentencing information report departure evaluation which stated:

> The "kidnapping" was grabbing a stepchild to force a commonlaw [sic] wife (mother of the victim) to allow him to see his baby on Father's Day— There are kidnappings and kidnappings.

In this appeal as of right, the prosecutor chal-

lenges the circuit judge's authority to enter into the sentence agreement without his consent.

II

The prosecutor contends that the trial judge exceeded his powers in negotiating a disposition with defendant over the prosecutor's objection. The prosecutor further argues that the judge was effectively attempting to control his charging function by offering defendant his personal sentence bargain and that the court also committed itself to a maximum sentence length without full knowledge of the case or of defendant's background.

This case presents the novel issue whether a trial court, as part of the plea-bargaining process, can enter into a sentence agreement with a defendant over the objections of the prosecutor, and, if not, what relief is available to the prosecutor when the trial court does so.

In *People v Killebrew,* 416 Mich 189, 203-205; 330 NW2d 834 (1982), our Supreme Court defined the role of the judiciary in sentence bargaining:

> Due to the nature of the unequal bargaining positions of the judge and the defendant, any involvement in the negotiations transforms discussions into perceived coercion. As the federal Court of Appeals for the Second Circuit eloquently explained:
>
> "Nor can we fail to consider the subtle pressures that may be exercised by a judge against a defendant who rejects an opportunity, presented by such a response as the judge here proposes to make, the acceptance of which may relieve the judge of a lengthy trial. Any predilections of guilt that a judge might hold regarding a defendant must inevitably be reinforced by the knowledge that the defendant wishes to engage in plea bargaining discussions. While these factors inhere in

all plea bargaining agreements, their effect on the voluntariness of the plea and the subsequent trial could only be greater where the judge is himself the active participant in constructing the terms of the rejected agreement." *United States v Werker,* 535 F2d 198, 202 (CA 2, 1976).

Nor is it only the defendant who is harmed by allowing the judge to become involved in the negotiation of the plea bargain. The public perception of the judges as a neutral arbiter must suffer when the judge descends from the bench to barter with the defendant and the prosecutor over the terms of the deal he advocates. The *Werker* court explained:

"Rule 11 [prohibiting judicial participation in plea bargaining] implicitly recognizes that participation in the plea bargaining process depreciates the image of the trial judge that is necessary to public confidence in the impartial and objective administration of criminal justice. As a result of his participation, the judge is no longer a judicial officer or a neutral arbiter. Rather, he becomes or seems to become an advocate for the resolution he has suggested to the defendant." (Footnote omitted.) *United States v Werker, supra,* 203.

See also *State v Buckalew,* 561 P2d 289 (Alas, 1977); *People v Clark,* 183 Colo 201; 515 P2d 1242 (1973).

Therefore, judicial participation must be limited in order to minimize the coercive effect of such participation on the defendant, to insure the voluntariness of plea, and to preserve public confidence in the judicial system.

This sentiment against judicial participation in plea and sentence bargaining has been echoed numerous times by panels of this Court, both before and after *Killebrew.* See *People v Rashid,* 154 Mich App 762, 770; 398 NW2d 525 (1986); *People v Atkinson,* 125 Mich App 516, 517-518; 336 NW2d 41 (1983); *People v Kline,* 113 Mich App 733, 735-738; 318 NW2d 510 (1982); *People v*

*Mathis,* 92 Mich App 670, 674-675; 285 NW2d 414 (1979); *People v Bennett,* 84 Mich App 408, 413-414; 269 NW2d 618 (1978).

There is no Michigan case law addressing the precise issue raised herein, i.e., whether a trial judge may negotiate a plea or sentence agreement with the defendant over the prosecutor's objection. The typical situation, such as in the cases cited, involves claims by defendants that their pleas had been coerced because of the trial judge's participation in the plea- and sentence-bargaining process. See anno: *Judge's participation in plea bargaining negotiations as rendering accused's guilty plea involuntary,* 10 ALR4th 689. However, decisions from other states addressing the issue have held that a trial court has no authority to impose a plea bargain over the prosecutor's objection. See, e.g., *Barnes v State,* 70 Md App 694, 706; 523 A2d 635 (1987); *People v Woodard,* 131 Cal App 3d 107; 182 Cal Rptr 254 (1982); *State v Buckalew,* 561 P2d 289 (Alas, 1977).

We find that a trial judge may not negotiate a sentence bargain with a defendant over the objection of a prosecutor. First, such a rule would be consistent with the holding in *Killebrew* which discourages judicial participation in plea and sentence agreements. *Killebrew* was concerned not only with minimizing the possible coercion of criminal defendants, but also with preserving the public confidence in the judicial system. Public confidence would not be well served if trial judges were allowed to negotiate plea and sentence agreements with criminal defendants over the objections of the prosecutor. Second, when a trial judge negotiates a particular sentence during plea proceedings, the danger exists that the judge might not be apprised of all relevant sentencing considerations. This, of course, would be contrary to the policy of this

state that sentences must be tailored to the individual defendant. Moreover, such a practice would deny the prosecutor and the victim their rights to meaningful allocution.

Contrary to what the prosecutor asserts in his appellate brief, however, the trial judge's actions did not usurp the prosecutor's charging authority. Defendant did in fact plead guilty to the offenses of which he was charged. This is not a situation where the judge allowed defendant to plead guilty to an offense of which he was not originally charged. See *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972).

III

Because the trial judge erred in negotiating the sentence agreement with defendant, the sentences imposed are invalid. This matter is remanded to the trial court, and we order that it be assigned to a different judge with directions to vacate the invalid sentences and allow defendant the opportunity to withdraw his pleas. Should defendant decide to withdraw the pleas, the matter should proceed to trial. See *Woodard* and *Buckalew, supra.* If defendant decides not to withdraw his pleas, the new judge may impose sentence without regard to the invalid sentence agreement.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.